JULIEN TARDIF *v.* ESTIVAL BAUDOIN et al.

A receipt for money paid is not conclusive between the parties, but open to explanation by parol testimony

Parol testimony is admissible to prove fraud.

APPEAL from the District Court of the Parish of Assumption, *Cole*, J.
*A. Gentile* for plaintiff:

Now we contend that we have the right to explain the receipt of $1100, and to show that it included and annulled the preceding receipt of $833 33, and that we were not bound to allege error or fraud, being unaware of what might be produced against us. We are plaintiff in the cause. Replications are not allowed in our law; and therefore all the allegations in the answer are open to every objection of law and fact, as nonage, coverture, fraud, prescription and the like, in the same manner as if such exceptions had been specially pleaded, and if defendant be surprised, the proper remedy is by a continuance or new trial. Hennen, p. 1212, §11. Where fraud is charged or error alleged, parol testimony is admissible to contradict even an authentic act. 3 L. 347. 9 L. 574. 6 L. 254. 10 L. 209. 15 L. 311, and the authorities there cited. 2 Starkie, pp. 555, 558. 1 Greenleaf §§ 296, 305. 1 Howard, 119. 2 Story on Equity §1531.

The admission of parol evidence to defeat written contracts by the proof of fraud, is a rule of universal jurisprudence. C. C. 1812. 6 L. 258. 2 Ann. 458 and 908. In a suit on a joint note, evidence was admitted to prove that one of the apparent makers of the note had signed it as surety. 19 L. 453. 9 R. 112. In 5th Ann. 236, the court re-affirms the doctrine laid down in 5th Ann. 408, and says: "We decided in the case of *Fletcher* v. *Fletcher*, that the consideration of a receipt may be explained by testimony." In 5th Ann. 550, it is decided, "that the acts which cannot be contradicted by parol evidence, are those which contain contracts and create mutual obligations." In regard to receipts, so far as they go only to acknowledge payment or delivery, they are merely *primâ facie* evidence of the fact and not conclusive. 1 Greenleaf 401, §305.

Upon the whole, we may consider that the theory of the receipt is best embodied in the expression, that it transfers the burthen of the proof. *Straton* v. *Rastall*, 2 T. R. 366. He who receives from his creditors a simple admission that a certain sum has been paid, does not acquire any very absolute or effective means of preventing further inquiry into the fact of the payment, and into its justice and adequacy under the circumstances, he holds an instrument nearly powerless to silence others, the utility of which is confined to this: that it relieves him from the responsibility of making inquiry behind it, or of producing evidence in addition to it. If subsequently the payment receipted for is claimed again, he can by the production of a receipt, throw upon the other party the burden of proof, while he himself stands upon the defensive. 4 Harring, 206. Our claim is based on an authentic act; the defendant alleges payment; they must prove it.

*Malhiott & Mills*, for defendant and appellant:

1st. The exception of *non numeratâ pecuniâ* is abolished. C. C. 2234; 11 Robertson's R. 241; and as well in private as authentic acts, 6 N. S. 312. Now the receipts were acts of sale with acknowledgment of payment. 3 N. S. 337, and 1 L. R. 314. 6 R. R. 88. Hen. Dig. p. 1382, No. 7.

2d. Because parol evidence is inadmissible against or beyond what is contained in writen acts regarding the transfer of immovable property. C. C. 2256. Plaintiff attempts to show that the receipt of $1100 87, was given for the first and not the second payment, which is against and beyond what is contained in the act itself. See 3 L. R. 447. In 5 Rob. 111, the court held that even a receipt for price of personal property could not be contradicted. And though in 2d Ann. 93, it was held that C. C. 2256, applied only to contracts

effecting real estate, is not such the character of this receipt? See also 3d Ann. 493. 5th Ann. 231. In 5th Ann. 407, parol testimony was admitted to contradict a written act, because the contract was made in Mississippi where the rule is different.

VOORHIES, J. This is an action to recover the sum of $2505, as the price of a tract of land sold by the plaintiff to the defendant, *Estival Baudoin*, on the 16th of August, 1847, payable in three equal instalments, maturing in March, 1848, 1849 and 1850, with eight per cent. per annum interest from maturity until paid. The other defendant is sued as the surety of the purchaser.

The defence rests on the plea of payment by *Baudoin*, except as to the sum of $406, for which, it is averred, a legal tender has been made.

The only matter in dispute between the parties litigant in this case, relates to the sum of $833 33, amount of the receipt given for the first instalment, which the plaintiff contends was annulled and included in the subsequent receipt for $1100 87, erroneously stated to be for the second instalment.

It is obvious that the receipt for $833 33, is less than the amount of the first instalment, and that the one for $1100 87, greatly exceeds that of the second instalment. How is this accounted for? The evidence proves conclusively the fact, that a certain receipt was annulled and included in the one given for $1100 87. This is corroborated by the defendant's own evidence. *Labat*, one of the subscribing witnesses to the receipt for $1100 87, deposes that the receipt for $833 33, was annulled by the parties, and included in the receipt for $1100 87. His testimony is fully corroborated by the other subscribing witness, and other circumstances disclosed by the record. The defendant has, however, endeavored to impeach the credit of this witness, on the ground that his testimony is contradictory. A careful examination of it, satisfies us that it contains no material variance. To rebut it, the defendant relies on the testimony of *Joseph Nicholas*, who states that the defendant requested him, in January, to make a statement of what he owed the plaintiff in capital and interest for the second instalment of the price of the land, and showed him two receipts from *Julian Tardif*, one for $833 33, for the first instalment, and the other for $600, on account of the second instalment. According to the statement made by this witness, the sum of $600 was deducted from $833 33, as the second instalment, leaving a balance of $233 33, to which the sum of $34 21 was added as interest from the 31st March, 1849, to the 31st January, 1851, making an aggregate of $267 54 then due. What was the object of making the calculation to that date, is not very satisfactorily explained.

In the cross-examination, this witness states that he does not recollect the names of the witnesses to the receipts. His testimony is sought to be corroborated by that of *Eli Landry*, but we think unsuccessfully. This witness deposes that he attested the receipt for $833 33, and also another for four hundred and some dollars, but at what period he does not recollect; neither does he recollect whether it was given by *Baudoin* or *Tardif*; he did not read it; he did not see *Tardif* make his mark to it; and cannot say whether *Tardif* was present or not when he attested it. Such testimony, it must be conceded, deserves but little weight. On the other hand, when it is considered that the plaintiff neither reads nor writes; that every one of the receipts introduced against him is attested by two witnesses; that no attempt has been made by *Baudoin* to account for the subscribing witness or witnesses to the alleged receipt of $600; the conviction forces itself upon our minds, as it no doubt did

on that of the District Judge from his conclusion on the facts, that the testimony of *Nicolas*, standing in the relation of son-in-law to the defendant, is not entitled to much weight. <span style="float:right">JULIEN TARDIF, *v.* ESTIVAL BAUDOIN.</span>

The record contains numerous bills of exception taken by both parties on the trial of the cause below. It is urged by the defendant that parol evidence was inadmissible to vary or contradict the receipt of $1100 87. In support of his position, he has presented two propositions : 1st. Because the exception of *non numeratâ pecuniâ* is abolished, not only in relation to public, but to private acts ; that the receipts in question were acts of sale. 2d. Because parol evidence is admissible against or beyond what is contained in written acts regarding the transfer of immovable property.

We do not think that this case comes under either of these propositions. The receipt in question does not come under the operation of the principle recognized by our jurisprudence, that a receipt acknowledging the payment of property is considered as evidence of a sale. In the case of *Payne* v. *Hopkins*, (4 N. S. 223,) Judge Porter said, that it was clear that payment of the price of an immovable might be established by parol evidence, although that species of proof was insufficient to show both the sale and the receipt of the purchase money. The distinction appears to us not only perfectly clear but well founded in principle. If parol evidence is admissible to prove payment of the price of immovable property, is there any reason why it should be excluded to explain error when the payment is evidenced by written receipts? We can see none. It is obvious that the parol evidence in this case was not intended, neither could it effect the title of *Baudoin* to the land, which is not the matter in dispute. It has been ruled by this court, that a receipt for money paid, was not conclusive between the parties, but open to explanation by evidence. 5th Ann. 406.

If any doubt existed in our minds as to the admissibility of the evidence under this rule, we think that none can exist as to its admissibility to prove fraud. What is fraud as applied to contracts? Our Code defines it to be, "the cause of an error bearing on a material part of the contract, created or continued by artifice, with design to obtain some unjust advantages to the one party, or to cause an inconvenience or loss to the other." If the receipt in question be viewed as a contract, is it not obvious that the evidence disclosed by the record, shows such a design on the part of *Baudoin ?* If so, we think parol evidence was clearly admissible to prove it.

The conclusion to which we have come in this case, renders it unnecessary to notice the bills of exception on the part of the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.