## GRAY v. LONSDALE.

A receipt is not conclusive against the party signing it, but it is to be deemed *prima facie* evidence of the fact it asserts, and the intention it purports to express; the burden is on the party who desires to contradict or escape from it, to make out a clear case of error or fraud.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Garnett Duncan*, for plaintiff. *T. Hunton*, for defendant.

SPOFFORD, J. I adopt the following opinion prepared by Mr. Chief Justice *Slidell*, during the session of this Court in May last :

It may be conceded that the judgment paid by *Gray* was a liability of *Lonsdale & Gray*, and that under the agreement of dissolution, and the subsequent agreement of 1848, *Lonsdale* was bound to hold *Gray* harmless from this liability. But the question remains whether the receipt of May, 1851, endorsed upon the agreement of 1848, is not an insuperable obstacle, as the evidence stands, to the plaintiff's recovery. Upon this point the case turned in the court below, and must turn here.

The agreement of 1848 embodied a promise by *Lonsdale* to pay all outstanding liabilities of *Lonsdale & Gray*, and, therefore, comprehended the *Sayre* claim. We are authorized by the evidence to believe, with the District Judge, that the claim was known to both parties when the receipt was signed. When, therefore, in May, 1851, *Gray* signed on the back of this agreement, comprehending this liability so known to both, the broad acknowledgment: "this obligation is this day satisfied by money, notes and obligations, which if paid, will be in full of the within," how is he to escape from it? In one way only. By showing by satisfactory evidence that there was a mistake in the confection of the receipt. It is true, a receipt is not conclusive against the party signing it, but it is to be deemed *prima facie* evidence of the fact it asserts and the intention it purports to express; the burden is on the party who desires to contradict or escape from it, to make out a clear case of error or fraud. This has not been done in the present case. The receipt is not contradicted, and the plaintiff's case has, in reality, little to rest upon but a mere conjecture of oversight or forgetfulness, unsatisfactorily inferred from the fact that although the *Sayre* claim existed, it had not yet ripened into judgment and been paid by *Gray*.

Judgment affirmed, costs of appeal to be paid by plaintiff.

LEA, J. I concur in this opinion.

MERRICK, C. J. I concur in the opinion prepared by Chief Justice *Slidell* for these additional reasons, viz :

*Gray* lived at Louisville, where the suit in chancery was pending against himself and *Lonsdale*; hence that suit, to which *Gray* was more immediately amenable, than *Lonsdale* must have been, in the contemplation of *Gray* when he entered into the compromise or agreement of December, 1848. At this time *Lonsdale's* affairs must have been much embarrassed, or *Gray*, and the other creditors would not have consented to take twenty per centum on their claims.

Now, in view of the facts that *Lonsdale* was so embarrassed in his affairs, that he resided beyond the jurisdiction of the Court of Chancery which held immediate jurisdiction over *Gray*, and that the suit was still pending against him at the date of his receipt, I am led to conclude that *Gray*, by the compre-

GRAY
v.
LONSDALE.

hensive language of his acquittance, intended to take upon himself the risk of the litigation in chancery, and to discharge *Lonsdale* from all liability on account of the agreement of December, 1848.

I think, therefore, the judgment should be affirmed.

VOORHIES, J., dissenting.    (BUCHANAN, J., concurring in the dissenting opinion.)    On the 17th January, 1847, plaintiff sold to defendant all his interest in the assets of their partnership for the price of $9000, $2500 of which were paid in cash, and the residue was made payable on terms of credit.    The defendant also assumed all the liabilities of the firm, which existed at its dissolution, to take place on the 14th of March following.    Subsequently, on the 13th December, 1848, the parties signed another instrument, in which, after setting forth the previous agreement, it recites : "and whereas, said *Lonsdale* has not performed said agreement, but said *Gray* has paid or become bound to pay the following sums, to-wit : to *H. Ames & Co.* (by compromise) $235 40 ; *Curtis & Pyrena Wood's* draft, $991 09 ;  *W. P. Holloway & Co.*, draft for *H. Parish*, for $1270 54 ;  *Stark, Day, Stauffer & Co.*, account of $294 31 ; fee bills, costs, &c., in a suit of *Swigert* v. *Lonsdale & Gray*, $57 82 ;  also $238 50, lost and paid by having to discount *Thomas Brown's* draft to secure prompt payment of the balance ; and whereas said  *Gray* has been sued by *Blame & Tompkins*, upon a claim against *Lonsdale & Gray* for $1496 36 :   Now, if the said *Lonsdale* shall well and truly pay the said *Gray*, the said sums of money which the said *Gray* has paid, and assumed to pay, with interest and costs that may accrue thereon, as above specified, on account of the firm of *Lonsdale & Gray*, within twelve months from the date hereof, and shall also pay and satisfy, from time to time, as the same may arise and be established, all claims and demands that may hereafter appear against said firm of *Lonsdale & Gray*, and save said *Gray* harmless therefrom ; then, said *Gray*, in consideration that the creditors of said *Lonsdale* have agreed to accept from him twenty per centum upon his individual debts, and grant him indulgence for the payment thereof, binds himself to surrender and give up to said *Lonsdale*, said acceptances, amounting to $6500, and receive in lieu thereof, his four notes for twenty per centum upon the amount of said claim of $6500, payable, &c."    This sum of $6500 formed part of the price of the assets, payable by defendant, on terms of credit.    The following receipts are endorsed on the last mentioned agreement, viz :

" Received, New Orleans, February 11th, 1850, from *Henry T. Lonsdale*, five hundred and eighty seven dollars 53–100—being for *H. Ames & Co.'s* debt, $235 40, for fee bill $57 82, and *Stark, Day, Stauffer & Co.*, $294 31.

"GEO. E. H. GRAY."

" This obligation is this day satisfied by money, and notes, and obligations, which, if paid, will be in full of the within.

" New Orleans, May 1st, 1851.

"GEO. E. H. GRAY."

In the year 1846 the firm of *McKee & Swigert* filed a bill in the Louisville Chancery Court, against *R. A. Overton* and others, on which certain bagging, rope and hemp, were attached and replevied by *Lonsdale & Gray*, on 9th day of October, 1846, on giving bond and security.    *McKee & Swigert* then filed an amended bill, making *Lonsdale & Gray* defendants in the suit, in which *David L. Sayre* intervened and claimed the ownership of the property.    On the

21st May, 1852, the court decreed that *Sayre* recover of *Lonsdale & Gray*, the sum of $713, and his costs expended on the cross bill. An execution was issued on this judgment, and satisfied on the 12th September, 1852, by the plaintiff, *Gray*, the principal, interest and cost of which amount to the sum of $763 11.

GRAY
*v.*
LONSDALE.

The plaintiff sues for the recovery of this amount. The defendant, in his answer, admits the contract of the 17th February, 1847, but says that it was novated by the one of the 13th December, 1848. After setting forth the receipts thereon endorsed, he avers " that the notes and obligations referred to in said endorsement were duly paid to said *Gray*, or if not paid that said *Gray* had not used due and legal dilligence to collect the same; that the firm of *Lonsdale & Gray* were never indebted to *David L. Sayre*; that the judgment in the petition referred to and set forth, is not in any manner binding upon the defendant; that at the time the said cross bill and demand of the said *Sayre* was filed, to-wit, in February, 1848, defendant and said *Gray* had ceased to be partners, their partnership having been previously dissolved; that the defendant never signed the replevin bond mentioned in this petition; and that this defendant was never cited to answer the cross bill filed by said *Sayre*, and never authorized any one to appear and answer said cross bill for him, &c."

It is obvious that this answer is repugnant to the inference sought to be drawn from the plaintiff's receipts, which were evidently intended to apply only to the debts specified in the contract of the 13th December, 1848. The receipt of the 1st May, 1851, clearly refers to the one given only two days before, as follows :

"Received, New Orleans, 29th April, 1851, from *H. T. Lonsdale*, eighteen hundred and twenty-one 36–100 dollars in cash, his note at one year after date, for one thousand and thirty-three 90–100 dollars, and an obligation to pay *Holloway's* draft in favor of *R. Parish*, for $1270 54–100, which when paid, will be in full of all claims to date, and all demands.

GEO. E. H. GRAY"

It is evident that this receipt was intended to apply only to the debts of the partnership, for which the plaintiff had then become liable. This is made more apparent, from the fact that both amounts nearly correspond. The receipt of the 1st May, 1851, must be construed as applicable to the extinguishment of the obligation contracted by the defendant, to pay the plaintiff twenty per centum on the sum of $6500, the price due by him on the sale of the assets of the partnership.

Indeed this may be considered as the only stipulation contained in the agreement of 1848, i. e., to discharge *Lonsdale* from the payment of the whole amount of the $6500 ; the other matters contained in the contract, as recitals, and inducement, were clearly not intended to affect the previous obligations contracted by the defendant to pay all the debts or liabilities of the partnership. It is true, the stipulation of the defendant is reiterated, that " he shall pay and satisfy from time to time, as the same may arise and be established, all claims and demands that may hereafter appear against said firm of *Lonsdale & Gray*, and save said *Gray* harmless therefrom;" but it is clear that this added nothing to his former obligations, nor did it operate any change in them. The reiterated promise to perform them, as he was already bound to do, certainly did not create any new obligations. Hence it is clear that the defendant must be held liable to the plaintiff for the amount of the *Sayre* claim, unless it

GRAY
v.
LONSDALE.

be shown that he has paid the same either to the creditor or to the plaintiff. How can it be said that he has done so, when he denies expressly that any such obligation or debt ever existed against the partnership ? Such denial must necessarily repel any inference that the *Sayre* claim was included in the alleged settlement between the parties. Indeed, how could it be said to be included in their settlement, when it was not then established? The liability of the firm of *Lonsdale & Gray*, for the claim of *Sayre*, is denied by the defendant, as we have seen; but, under the agreement of 1848,. it is clear that the defendant acknowledges the pendency of the suit by his assumpsit to reimburse to the plaintiff the sum of $57 82, stated to be " for fee bills, costs, &c., in a ·suit of *Swigert* v. *Lonsdale & Gray*."

I, therefore, think that the judgment ought to be reversed.