## No. 137.—V. W. PORTER v. J. BROWN AND T. CHALER.

A receipt given for money received is not conclusive between the parties and may be contradicted or explained by parol testimony.

Payment of a legacy to a minor in Confederate notes is not binding on the legatee for the reason of incapacity to give consent.

APPEAL from the District Court, parish of Natchitoches. *Orsborn, J. Jack & Pierson,* for plaintiff and appellee. *J. M. B. Tucker,* and *Pierson & Levy,* for executors, appellants.

HOWELL, J. This is an action to recover the amount of a special legacy with interest.

In July, 1846 William Porter died, leaving a will containing the clause on which this suit is founded and which is in the following words: "It is my will that my executors" (Brown and Chaler, the defendants). "shall purchase from Benjamin Metoyer a certain child, the son of a girl they call Meme, provided the same can be purchased at a reasonable sum, and in case the purchase is effected, I give and bequeath unto it its freedom, with the sum of one thousand dollars, which is to be put on interest in the hands of some responsible person, the proceeds of which are to go to the support and schooling of the child, and when the boy arrives at the age of eighteen years of age, it is my will that the above amount of one thousand dollars be paid over to him, and in case of the death of the child, the money to go to my brothers and sisters."

The first question presented is the peremptory exception of payment, evidenced by the plaintiff's receipt in full, which, it is alleged, must have its full effect, unless annulled by a direct action, in which the plaintiff must make an offer of restitution, and that the validity of the receipt cannot be inquired into collaterally in this suit, which is an ordinary action on a cause of action alleged to have originated before the receipt was given.

On the trial of this exception the only evidence introduced was the receipt and proof of the genuineness of the signatures and correctness of the date. The receipt is in the following words:

"I, Victorin, the child of Meme, a legatee under the will of William Porter, and eighteen years old, do hereby acknowledge to have received of Iml. Brown, executor of said will, the sum of one thousand dollars, in full of the legacy given me by said will.

(Signed)                    "VICTORIN W. PORTER."

Attest: A. H. PIERSON,
       J. M. B. TUCKER.

"NATCHITOCHES, LA., March 4, 1863.

"United States internal revenue, two cents, canceled."

The exception was properly overruled. It has often been held that a receipt for money is not conclusive between the parties, but open to explanation and contradiction by parol testimony. 5 A. 235, 408; 14 A. 274; 12 A. 401; 10 A. 749 and 9 A. 129.

This case is not properly assimilated to that of Collins v. Collins, 10 L. 268, which was a suit against the succession of the plaintiff's curator ad bona and the two sureties of the latter, and involved the settlement of two or three successions. Nor do the cases in 1 A. 37; 11 A. 681; 13 A. 228 and 472, sustain defendant's exception in this. They do not claim to have settled with the plaintiff as an heir to a succession, administered by them, or as his tutor, but simply to have paid him a *specific sum of money* left to him as a legacy and for the payment of which sum they hold his receipt. As before said, such a receipt is not conclusive between the parties and may, in an action for the money bequeathed, be explained.

At the trial on the merits, it was shown that the alleged payment on the fourth of March, 1863, which was also set up in the answer, was made in Confederate notes and while the plaintiff was a minor. He cannot be held to have given a legal consent to the payment and thereby bound as equally participating in the circulation of an illicit currency. Hence under the settled jurisprudence of the State on this question, there was no payment in law, and as the plea admits the existence of the debt, the verdict of the jury and judgment thereon are correct. It is superfluous to inquire into other questions presented in the pleadings and briefs.

It is therefore ordered that the judgment appealed from be affirmed with costs.