No. 2207

Second Circuit

___

DIXIE MILLS SUPPLY CO. v. TOWN OF HOMER, LA.

___

(April 8, 1927.   Opinion and Decree.)
(May 13, 1927.   Rehearing Refused.)
(July 12, 1927.   Writ of Certiorari and Review Denied by Supreme Court.)

___

(*Syllabus by the Court.*)

1. Louisiana Digest—Evidence—Par. 232; Payment—Par. 25.

The mere fact that a receipt on its face expresses that it is in full of all demands or of certain demands does not make the instrument of such contractural nature as to preclude the admission of parol evidence to vary its effect.

2. Louisiana Digest—Evidence—Par. 228, 232; Payment—Par. 25.

A check which on its face recites that it is a settlement in full and is accepted by the creditor as written is only prima facie evidence of the fact that it recites and is open to rebuttal by parol.

3. Louisiana Digest — Payment — Par. 12, 14, 25.

Where a check for less than the amount of the debt reciting on its face that it is payment in full of all demands is mailed to a creditor and is accompanied by a letter specifically stating that if the creditor is not willing to accept the amount of the check in full payment of the debt the check is to be returned and the check is accepted and the amount credited on the debt—held that the debt is discharged.

Appealed from the Third Judicial District Court of Louisiana, Parish of Claiborne.   Hon. J. E. Reynolds, Judge.

Action by Dixie Mills Supply Company, Inc., against The Town of Homer, Louisiana.

. There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

P. E. Brown, of Arcadia, attorney for plaintiff, appellant.

McClendon, Morelock & Seals, of Homer, attorneys for defendant, appellee.

Reynolds, J., recused.

ODOM, J.  This suit is to recover of the Town of Homer the sum of $516.60 with interest, alleged to be the balance due on a bill of piping sold and delivered to the town and used by it in the construction of its water mains.

The defense is, that there was a compromise agreement by which a third party paid the sum of $8,000.00 in full settlement of the account.

The judgment of the lower court rejected plaintiff's demand and it has appealed.

## OPINION

In the months of March and April, 1920, the Town of Homer, through the mayor and board of aldermen, purchased from plaintiff a lot of piping for the construction of its water mains, the bill amounting, in the aggregate, to $8,516.60.

The correctness of the account and the amount due was never disputed by the town; but the town, it seems, had no available funds with which to pay the bill.

On September 30, 1920, the town, by resolution adopted by the mayor and council, agreed to pay the bill without interest for the first twelve months, but agreed that if the amount was not paid by the end of that time interest at the rate of six per cent. should be paid.  The amount was not paid at the end of twelve months and the plaintiff made insistent demands for its money.

On September 11, 1922, the town still not having the funds with which to pay the bill, W. A. McKenzie, a member of the board of aldermen and chairman of the finance committee, sent plaintiff his personal check, payable to it, for $8,000.00, accompanying the check with a personal letter in which he stated that if plaintiff was willing to accept the check in full settlement of the account, to keep and cash it; otherwise to return it to the writer.  At the bottom of the check, he wrote these words:

"Pipe account. Town of Homer. In full settlement."

Plaintiff accepted the check.

On March 21, 1924, plaintiff brought . this suit for the balance of the account.

The suit is defended by the town on the ground that plaintiff accepted the $8,000.00 paid by McKenzie in full settlement of the amount due.

The record does not contain either the original or copies of the correspondence which passed between plaintiff and the defendant or McKenzie.  It is stated that they were introduced in evidence but were not made part of the record. But there is no dispute as to the contents of the letter which McKenzie wrote plaintiff at the time he enclosed his check. The check itself is in evidence.

McKenzie testified that he wrote plaintiff not to cash the check unless plaintiff was willing to accept the amount thereof in full settlement of the account; and it

is admitted by plaintiff that it received the letter along with the check and cashed the check and applied the proceeds to the account.

But plaintiff's contention is that it did not agree to accept the amount in full settlement of the account.

The testimony of Mr. C. J. Salm, vice-president of plaintiff, and who seems to have handled the transaction all through for plaintiff, was taken by commission. He was asked, interrogatory 16.

"Explain the nature of the check for $8,000.00 described in paragraph 2 of item 13, signed 'W. A. McKenzie'."
And he answered:

"When we received letter from W. A. McKenzie enclosing check for $8,000 wherein he claimed that he assumed this obligation, we had every reason to believe, from past unsatisfactory experience with W. A. McKenzie, that he was trying to work us for an obligation which clearly was set forth in resolution, obligating the town of Homer to pay us certain money; and we told him so in our letter, dated Sept. 29th, 1922, Pltf. 4, items 14-15, that we were the innocent sufferers and that although we would accept his check we still maintained that the town owed us the difference of $984.98, plus interest charge."

With reference to the check sent by McKenzie to plaintiff, on which was written: "Pipe Account. Town of Homer. In full settlement," plaintiff contends that the acceptance of the check as thus written is not conclusive proof that it was accepted in full payment. And that is true. A formal receipt is not conclusive against the party who gives it but is only prima facie evidence of the facts asserted therein.

"The mere fact that a receipt expresses on its face that it is 'in full' of all demands or of certain demands does not make the instrument of such contractural nature as to preclude the admission of parol evidence to vary its effect."

17 Cyc. 634.

Gray vs. Lonsdale, 10 La. Ann. 749.

Bass vs. Balph, 5 La. Ann. 235.

Tardif vs. Baudoin, 9 La. Ann. 127.

Porter vs. Brown & Chaler, 21 La. Ann. 532.

Wells vs. Sherrill Hardwood Lumber Co., 151 La. 1081, 92 South. 706.

The check on its face recites that it is a settlement in full, and its acceptance as written by the creditor is only prima facie evidence of the fact that it recites and is open to rebuttal.

But this case does not hinge upon the acceptance of the check written as a receipt in full. It is not claimed by the defendant that the debt was paid in full. But it is claimed by defendant that plaintiff agreed to accept and did accept the sum of $8,000.00 in full compromise and settlement of the debt. This we think plaintiff did.

McKenzie wrote plaintiff that the amount which he enclosed was tendered in full settlement of the account, and he specifically stated that if said amount was not accepted in full settlement the check was to be returned.

At the time this letter and the check were received, plaintiff was in possession of all the facts; it knew the exact amount of the debt; it knew that the town had no money with which to pay; it knew that it would have to wait. No definite time had been set for payment by the town. As far as the town had gone, was to agree to pay interest at six per cent.

after one year. There was no error, no fraud, no violence, no threats.

It is true that the creditor of the debt did not in express language accept the proposal made, but by accepting the amount tendered in full of the debt there was an implied and unmistakable assent to the proposition.

Civil Code, article 1811, provides that—

"The proposition as well as the assent to a contract may be express or implied:

"Express, when evinced by words, either written or spoken;

"Implied, when it is manifested by actions, even by silence or inaction, in cases in which they can from circumstances be supposed to mean, or by legal presumption are directed to be considered as evidence of an assent."

Action on a proposal implies its acceptance.

McIlvaine & Speigel vs. Legare and Godchaux, 36 La. Ann. 359. The acceptance was conformable to the offer.

Civil Code, article 1805.

There was something proposed by one of the parties and accepted by the other.

Civil Code, article 1798.

We have not overlooked the testimony of Mr. Salm to the effect that he wrote McKenzie—

"We still maintained that the town owed us the difference of $984.98, plus interest charge."

That by no means proves that his company did not at the time give assent to the settlement, and it can readily be understood why the creditor was willing to do so. By accepting McKenzie's proposal of settlement it came into immediate possession of $8,000,00 cash, when, according to the allegations of its petition, the whole debt was only $8,516.60 plus a few dollars interest.

It is true that the account was liquidated and a suit would necessarily have resulted in judgment against the town. But there was to be considered the element of expense in bringing the suit and the delays always incident to the collection of judgments against municipalities all of which no doubt caused the plaintiff to accept the proposal of McKenzie. We have no doubt that plaintiff accepted the settlement reluctantly, as indicated by the statement in Mr. Salm's letter to McKenzie as follows:

"We are the innocent sufferers."

That means nothing if it does not mean that plaintiff realized that it was sustaining a small loss on the account.

"An obligation may even be discharged by a third person no way concerned in it, provided that person act in the name and for the discharge of the debtor, or that if he act in his own name, he be not subrogated to the rights of the creditor."

Civil Code, article 2134.

The amount due plaintiff was a debt of the municipality. McKenzie was not concerned in it. In paying the debt he acted in his own name but he was not subrogated to the rights of the creditor.

There is no testimony in the record tending to show collusion between him and the town in order to defraud plaintiff of any of its rights.

The judgment appealed from is correct and is affirmed with costs.

Reynolds, Judge, recused.