## JOHNSON v. NEW ORLEANS ELECTRIC ENGINEERING.*

### No. 16728.

Court of Appeal of Louisiana. Orleans.

Feb. 21, 1938.

* Rehearing refused March 21, 1938.

Thos. E. Furlow, of New Orleans, for appellant.

Michael M. Irwin, of New Orleans, for appellee.

McCALEB, Judge.

This suit was instituted by Bonnie E. Johnson to recover the sum of $462, the alleged balance due on commissions earned by him, from New Orleans Electric Engineering, a commercial copartnership, composed of N. L. Maxwell and Dan J. Duvoison, engaged in the business of selling Diesel engines. Plaintiff avers that a short time before August 17, 1934, he was employed by the defendant to furnish it with prospective purchasers for Diesel engines and, in consideration of the services to be performed, the defendant agreed to pay him a commission of 5 per cent. on the amount of any sales made to his prospects. He further alleges that, in conformity with this contract of employment, he presented the Home Ice & Water- Manufacturing Company of New Orleans to the defendant as a prospective purchaser of Diesel engines and that, as a result of his efforts, a sale was consummated whereby his prospect purchased two Diesel engines from the defendant for the price of $11,700. He contends that, by virtue of his engagement, he was entitled to receive a commission on the sale of the engines amounting to $585 and that the defendant has paid him on account thereof the sum of $123, leaving a balance due of $462.

The defendant answered and admitted that plaintiff had been in its employ. It denied, however, plaintiff's allegations with

respect to the percentage to which he claimed to be entitled on sales made to prospects furnished by him and averred that it had promised to pay plaintiff only 1 per cent. of the sale price on Diesel engines thus sold. It further alleged that the sale price of the Diesel engines sold to the Home Ice & Water Manufacturing Company was $11,400; that plaintiff had earned a commission of $114 on the deal; and that this amount had been duly paid by it.

The case proceeded to trial on these issues. At the hearing, the plaintiff called for cross-examination Dan J. Duvoison, one of the members of the defendant firm. Mr. Duvoison produced an account showing commissions earned by the plaintiff and, according to this statement, · defendant, on October 29, 1934, was indebted to the plaintiff in the sum of $82.68. On that day, the plaintiff wrote the following letter to the defendant:

"October 29, 1934.

"New Orleans Electric Engineering,
    741 St. Joseph St.,
    New Orleans, La.

"Gentlemen: For value received, you are hereby authorized to pay Mr. L. E. Anderson the sum of $82.68, balance due me for commission on Diesel Engines sold the Home Ice Company.

"(Sgd) B. E. Johnson."

Mr. Duvoison says that this assignment of the balance due the plaintiff for commissions on the sale of the Diesel engines was accepted by the defendant and that Mr. Anderson has received the money transferred thereunder.

Plaintiff was then placed on the witness stand. When he was confronted with the above-quoted assignment, he admitted his signature, but he stated that while the document purports to be a final receipt, it is not and was not considered as such by the defendant and himself. He explained that, at the time the sale of the engines was consummated, the defendant contended that his commission was only 1 per cent., whereas he maintained that under the agreement he was to receive 5 per cent.; that, after some discussion, Mr. Maxwell (one of the partners) told him that the matter would be taken up with Mr. Duvoison and that on the following day Maxwell and Duvoison informed him that defendant was not financially able to pay him the full· 5 per cent. commission at that time. Plaintiff further stated that, while he at first insisted upon payment of the entire commission, he finally agreed, in view of defendant's lack of funds, to accept a cash payment of 1 per cent. provided the defendant would agree to pay him the balance of 4 per cent. as soon as another engine was sold. He asserts that defendant acceded to this arrangement; that the partners promised to furnish him a letter embodying the understanding, but that they later recanted from this promise. At this juncture of the proceeding, counsel for defendant offered the assignment of the plaintiff to Mr. Anderson in evidence and thereupon filed an exception of no right or cause of action on the ground that the contents of the document plainly revealed an acknowledgment on plaintiff's part that the balance due him on the sale of the Diesel engines was only $82.68 and that this amount was disbursed by defendant to plaintiff's assignee in extinguishment of the debt.

The court a qua entertained this exception over plaintiff's protest and, being of the opinion that the same was well founded in law, sustained it and dismissed the plaintiff's suit. Wherefore this appeal.

■ In this court, counsel for the plaintiff argues that it was improper for the district judge to consider the exception of no right or cause of action which was filed during the progress of the trial. He relies upon numerous adjudications holding that an exception of no cause of action admits, for the purpose of trial of the exception, all facts well pleaded. It is true that an exception of no right or cause of action is to be considered as being leveled against the sufficiency of a petition. In this respect, it may be said that the action of the trial judge in entertaining the exception filed by the defendant was technically incorrect inasmuch as the issue involved was whether the plaintiff was entitled to recover a commission of 5 per cent. on the sale of the engines. However, the defendant's contention was that plaintiff was entitled to receive only 1 per cent. of the sale price and that its obligation to him for this 1 per cent. commission had been extinguished by payment. The effect of defendant's exception, filed during the course of the trial, was no more than an insistence upon the maintenance of its plea of payment at that stage of the proceeding, and it was founded upon plaintiff's admission that he had signed the assignment which purported, on its face, to be a final receipt and acknowledgment that the commission of 1 per cent.

was the agreed amount of plaintiff's compensation.

Article 345 of the Code of Practice provides:

"Peremptory exceptions, founded on law, are those which, without going into the merits of the cause, show that the plaintiff can not maintain his action, either because it is prescribed or because the cause of action has been destroyed or *extinguished*." (Italics ours.)

By virtue of this article, it has been held that a plea of payment is a peremptory exception. See Reiners v. St. Ceran, 19 La. Ann. 207, and Bay Shoe Co. v. Nacol, 8 La. App. 620. Therefore, the receipt executed by the plaintiff wherein he admits that the balance due by defendant is the sum of $82.68, if unexplained, would be sufficient to warrant the dismissal of his suit. But here we find that the plaintiff has explained in his testimony that the assignment issued by him was not to be considered by the parties to the controversy as an extinguishment of defendant's obligation. When confronted with the assignment, upon which defendant relies to dismiss his action, plaintiff admits the writing but declares that, notwithstanding its contents, it is not in truth a receipt for the entire commission forasmuch as the defendant has promised to pay him the balance of 4 per cent at such times as it made another sale of a Diesel engine. Whether such sale has been made or whether this was the real agreement between the parties, we are unable to determine from the record in its present state.

 It is well established in our law that receipts given for money paid are not conclusive between the parties and may be contradicted or explained by parol evidence. See Gray v. Lonsdale, 10 La.Ann. 749, Borden v. Hope, 21 La.Ann. 581, and Madison Lumber Co. v. McGowan, La. App., 173 So. 564. The assignment given by the plaintiff to the defendant is nothing more than an acknowledgment by the former that, for value received, he has transferred his right and title to the balance of $82.68 due him for commission on the sale of the Diesel engines. He was entitled, under the law, to explain this document and he has testified that, although the assignment purports to be the transfer of the balance of commissions due him, it was not so intended by the parties, but that, on the contrary, the defendant promised to pay

him the balance of 4 per cent. on the sale price as soon as another Diesel engine was sold.

In view of plaintiff's statement, the question resolved itself into one of fact and the district judge should have heard further evidence touching upon this point in order that the issue involved might be correctly determined. The exception of no right or cause of action, which we consider to be an insistence by the defendant on the maintenance of its plea of payment, was improperly sustained by the district judge. Whether this plea is well founded can only be determined after full consideration of all the evidence adduced in the matter.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this cause be remanded to the civil district court for the parish of Orleans for further proceedings according to law and consistent with the views herein expressed. Defendant to pay the cost of this appeal; other costs to await the final determination of the cause.

Reversed and remanded.