Richard **BOUDREAUX**

v.

Pat **PUCKETT** d/b/a Pat Puckett Auto Sales and Philip Roman d/b/a All State Motor Company.

Civ. A. No. 76–2895.

United States District Court, E. D. Louisiana.

June 29, 1977.

Paula A. Perrone, New Orleans, La., for plaintiff.

Eileen Shaver, New Orleans, La., for defendants.

## ORDER

CHARLES SCHWARTZ, District Judge.

This matter came on for hearing on a former day on motion of defendant, Western Surety Company, for summary judgment, and on motion of plaintiff, Richard Boudreaux, for summary judgment, at which time the motion of defendant was granted, and the motion of plaintiff was denied. Pursuant to Rule 54(b), F.R.Civ.P., in that there is no just reason for delay, this Court will now enter final judgment in favor of Western Surety Company for the following reasons:

Plaintiff, Richard Boudreaux, originally filed suit against defendant, Pat Puckett, d/b/a Pat Puckett Auto Sales and Philip Roman d/b/a All State Motor Co., alleging a violation of the Motor Vehicle Information and Cost Savings Act of 1972, 15 U.S.C. § 1981 et seq., concerning an odometer rollback. Plaintiff subsequently amended his complaint to include an additional defendant, Western Surety Company, defendant Roman's surety on a motor vehicle dealer's bond in favor of the Motor Vehicle Commissioner of the State of Louisiana. Western Surety submits that it is entitled to summary judgment on the grounds that its bond, issued pursuant to Louisiana law, does not apply to violations of the Federal Motor Vehicle Information and Cost Savings Act. Plaintiff submits that as a matter of law Western Surety is liable to him on its bond.

Western Surety furnished its bond pursuant to the Louisiana statutory requirement that a motor vehicle dealer post a bond prior to obtaining a dealer's license. Specifically, the statute provides as follows:

". . . Such bond . . . shall be conditioned that the dealer shall comply with the conditions of any written contract made by such dealer in connection with the sale or exchange of any motor vehicle and shall not violate any of the provisions of this Chapter or *any other law of Louisiana in the conduct of the business for which he is licensed.* Such bond shall be payable to the Commissioner and to his successors in office, for the use, benefit, and indemnity of any persons who shall suffer any loss as a result of any violations of the conditions hereinabove contained." LSA–R.S. 32:718 [Emphasis Supplied.]

■ Western Surety's bond, furnished pursuant to this requirement of Louisiana law, must be interpreted in accordance with the rules governing construction of statutory bonds. Statutory bonds are strictly construed in accordance with the statutory requirements. Any language in the bond tending to expand liability beyond that provided by law will be disregarded. *Coating Specialists, Inc. v. Pat Caffey Contractor, Inc.,* 194 So.2d 380, 384 (La.App. 4th Cir. 1967) cert. den. 250 La. 633, 197 So.2d 652 (1967); *Mayeaux v. Lamco, Inc.,* 180 So.2d 425 (La.App. 1st Cir. 1965).

■ The initial condition of the motor vehicle dealer's bond is that the dealer shall comply with the conditions of any written contract into which he enters in connection with his dealership. Western Surety submits that the contract between plaintiff and Philip Roman was an oral agreement to which Western Surety's bond does not apply. This Court agrees with this contention.

The document attached to plaintiff's complaint is in the nature of a receipt for money paid. It is not styled by the parties as a contract. It is signed by the motor vehicle dealer; however, it is not signed by the plaintiff. Louisiana jurisprudence clearly distinguishes between receipts and contracts. See, e. g., *Powell v. Carter,* 233 So.2d 369, 371 (La.App. 1st Cir. 1970) writ ref. 256 La. 269, 236 So.2d 37 (1970); *Johnson v. New Orleans Electric Engineering,* 179 So. 121 (La.App.Orl.1938).

■ It is apparent that the document relied upon by plaintiff as a written contract was issued in compliance with the law regarding registration of motor vehicles (LSA–R.S. 32:707) and is not a written contract. As the court held in *Transportation Equipment Company v. Dabdoub,* 69 So.2d 640, 643 (La.App.Orl.1954) cert. den. March 22, 1954:

". . . The registration of sales of motor vehicles is an administrative proceeding which does not bear any essential relation to the contract of sale entered into between the parties."

Louisiana jurisprudence uniformly holds that failure to comply with the various motor vehicle registration provisions will not void a valid agreement between seller and purchaser. See, e. g., *Whitten v. Travelers Insurance Company,* 141 So.2d 40, 42 (La. App. 2nd Cir. 1962); *Hamner v. Domingue,* 82 So.2d 105, 107 (La.App. 1st Cir. 1955) cert. den. November 7, 1955.

■ Western Surety's bond is further conditioned that the motor vehicle dealer shall comply with all provisions of Chapter 4, Title 32 of the Louisiana Revised Statutes and with any other law of the State of Louisiana. Louisiana law does require the furnishing of an odometer disclosure statement by the motor vehicle dealer upon selling an automobile (LSA–R.S. 32:726.1). However, that section further provides as follows:

". . . H. Any person who violates the provisions of this section shall be guilty of a misdemeanor and shall be punished by a fine of five hundred dollars [$500] or by imprisonment not to exceed ninety [90] days or punished by both such fine and imprisonment."

This provision for criminal penalties is the sole remedy under Louisiana law. Plaintiff has sought to recover in this action only for

violations of the Federal Motor Vehicle Information and Cost Savings Act of 1972. Federal law clearly permits a civil action such as plaintiff has initiated under 15 U.S.C. § 1989, but Louisiana law has no such provision.

 Any intent by the Louisiana legislature to incorporate the provisions of the Federal Motor Vehicle Information and Cost Savings Act of 1972 into Western Surety's bond is negated by the fact that LSA–R.S. 32:718(D) requiring posting of a motor vehicle dealer's bond was originally enacted in 1968 and amended in 1970 (see Acts 1968, No. 107, Section 2; Acts 1970, No. 299 Section 1), two years prior to the effective date of the Federal Act. The bond also explicitly guarantees compliance with Louisiana law only, thus negating any inference that the Legislature intended to incorporate the measure of damages which was to be enacted subsequently by Congress. Furthermore, any finding that the Legislature intended to indirectly incorporate a subsequently enacted federal law into the statutory bond would be contrary to the settled law that statutory bonds will be strictly construed.

 Therefore, plaintiff is not entitled to recover against Western Surety because he has failed to demonstrate that there was a written contract between himself and Western Surety's principal. Furthermore, the Louisiana statute which requires the furnishing of an odometer disclosure statement does not create a civil right of action for damages, and the statutory surety bond does not specifically or impliedly cover violations of federal law.

Accordingly,

IT IS ORDERED that the motion of defendant Western Surety Company for summary judgment be and it is hereby GRANTED, dismissing Western Surety Company from this suit, each party to bear its own costs.

IT IS FURTHER ORDERED that the motion of plaintiff, Richard Boudreaux, for summary judgment, be and it is hereby DENIED.