Nathan C. YONKER, et ux., Plaintiffs,

v.

Lewis O. GUIFRIDA, Director of the Federal Emergency Management Agency, et al., Defendants.

Civ. A. No. 83–A087.

United States District Court,
D. West Virginia,
Parkersburg Division.

March 16, 1984.

---

Charles W. Covert, Covert & King, L.C., St. Albans, W.Va., Ronald F. Stein, Shaw & Stein, L.C., Point Pleasant, W.Va., for plaintiffs.

Carl F. Stucky, Jr., Steptoe & Johnson, Charleston, W.Va., Stephen R. Brooks, Furbee, Amos, Webb & Critchfield, Fairmont, W.Va., Marye L. Wright, Asst. U.S. Atty., Charleston, W.Va., for defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

In this action, the Plaintiffs are seeking to recover monetary damages from the Defendants for their alleged breach of a flood insurance policy which was issued to the Plaintiffs pursuant to the provisions of the National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001, *et seq.* Currently pending before the Court is the Director of the Federal Emergency Management Agency's motion to strike the Plaintiffs' demand for a jury trial, pursuant to *Rule* 39(a)(2), Federal Rules of Civil Procedure, as well as the Defendant, EDS Federal Corporation's motion to dismiss, pursuant to *Rules* 12(b)(6), 17 and 21, Federal Rules of Civil Procedure. For the reasons set out below, the Court hereby grants the aforementioned motions and, on its own motion, dismisses the Defendant, Gay & Taylor, Inc.

### I. *Factual Background*

On February 20, 1978, the Department of Housing and Urban Development issued to the Plaintiffs a flood insurance policy[1] on their residence in New Haven, Mason County, West Virginia. At the time they purchased this policy, the Plaintiffs were advised by the Defendants that it would provide insurance coverage for their dwelling and its contents up to the actual cash value of the policy at the time of a loss by flood, provided that the coverage would not exceed the amount which it would cost to repair or replace the property with material of like kind and quality. Relying upon this representation, the Plaintiffs did not obtain any additional flood insurance protection prior to June 26, 1982, when the Plaintiffs sustained approximately $40,000 in damage to their home as a result of an unusually large and violent rainstorm which caused the basement walls and foundation of their house to collapse. Subsequent to the loss, an agent or employee of the Defendant, Gay & Taylor, Inc., which was acting as the claims adjuster, initially advised the Plaintiffs that their loss was completely covered by the policy. Subsequent thereto, however, this agent advised the Plaintiffs that their loss was only partially covered, and later still advised the Plaintiffs that the policy afforded them no coverage for their loss. After the Plaintiffs' repeated demands for payment were refused, the Plaintiffs instituted this action on June 21, 1983.

### II. *EDS Federal Corporation and Gay & Taylor, Inc. Are Not Proper Party Defendants in This Action*

In enacting the National Flood Insurance Program, Congress provided the program administrator with two alternative plans of implementation. 42 U.S.C. § 4051. Plan A sets forth a program principally run and financed by the domestic insurance industry with only limited federal financial assistance. Under Plan A, the participating insurance companies pool together to provide flood insurance coverage and assume responsibility for the adjustment and payment of all claims. 42 U.S.C. §§ 4051 and 4053. Given the substantial nature of the insurance industry's involvement in the program under Plan A, Congress specifically provided that an unsuccessful claimant could institute an action against the insurer in the United States District Court for the district in which the insured property is situated. 42 U.S.C. § 4053. While Part A authorizes a cause of action against the insurer, 42 U.S.C. § 4053, it does not provide for a cause of action against the Government.

---

**1.** *See* Exhibit 1 to the Plaintiffs' complaint, filed June 21, 1983.

■ Plan B, on the other hand, is run primarily by the Government with only limited assistance from the insurance industry. Under Plan B, therefore, the Government assumes operational responsibility for the flood insurance program and is authorized to adjust and pay all proved and approved claims. 42 U.S.C. §§ 4071, 4072. Under Plan B, the program administrator is authorized to utilize officers and employees of the Government for purposes of providing flood insurance coverage under the Act and/or may employ insurance companies, insurance agents and insurance adjustment organizations as "fiscal agents" of the United States. 42 U.S.C. § 4071(a)(1)–(3). Inasmuch as the Government runs the Flood Insurance Program under Plan B, Congress saw fit to provide that a claimant whose claim was disallowed by the program administrator could institute an action against the administrator in the United States District Court for the District in which the insured property was situated. *See* 42 U.S.C. § 4072. In developing Plan B, however, Congress did *not* authorize or provide for actions against the insurance companies, insurance agents, or insurance adjustment organizations which provide services to the program administrator as "fiscal agents" of the Government. Congress' failure to authorize such an action against these "fiscal agents" under Plan B, while specifically providing for suits against the individual insurance companies under Plan A, clearly evidences an intent on the part of Congress to hold only those entities which are ultimately responsible for the adjustment and payment of claims under the program legally responsible for the wrongful denial of a claim. Under Plan B, therefore, which has been in effect at all times relevant to this action,[2] neither EDS Federal Corporation, nor Gay & Taylor, Inc., are subject to suit in this action. Rather, the Plaintiffs' sole remedy in this action is against the current program administrator, the Director of the Federal Emergency Management Agency. *Cf., Possessky v. National Flood Insurers' Association,* 507 F.Supp. 913 (D.N.J.1981). *See also Kuenstler v. Occidental Life Insurance Co.,* 292 F.Supp. 532 (C.D.Cal. 1968); *Johnson v. Johnson,* 332 F.Supp. 510 (E.D.Pa.1971). Accordingly, the Court hereby grants EDS Federal Corporation's motion to dismiss, filed August 2, 1983, and, on its own motion, dismisses Gay & Taylor, Inc.[3] pursuant to *Rules* 12(b)(6), 17 and 21, Federal Rules of Civil Procedure.

III. *The Plaintiffs Do Not Have a Right to a Jury Trial on Their Claim Against the Director of the Federal Emergency Management Agency*

■ Inasmuch as 42 U.S.C. § 4072 does *not* "affirmatively and unambiguously" grant the Plaintiffs a right to a jury trial, the Court finds that the sovereign immunity of the United States precludes a jury

---

**2.** Responsibility for the operation and control of the National Flood Insurance Program was originally entrusted by Congress to the United States Department of Housing and Urban Development. At its inception, the Department ran the program pursuant to the provisions of Plan A. Accordingly, an insurance pool was established by members of the insurance industry and flood insurance policies were issued, marketed, and serviced by this pool through agreements with independent local agents, brokers and regional servicing companies. *National Flood Insurers' Association v. Harris,* 444 F.Supp. 969, 970 (D.D.C.1977).

In 1977, because of disagreements between the insurance industry and the Government concerning the administration of the flood insurance program, and in light of the Secretary's determination that the operation of the program would be materially assisted by the Government's assumption of the operational responsibility for the program, the Department opted out of Plan A and into Plan B. Thereafter, the Department began utilizing Government employees and resources with respect to the insurance aspects of the program and contracted with EDS Federal Corporation, a private corporation, to act as its servicing agent and to handle the various ministerial functions of the program. *See National Flood Insurers' Association v. Harris,* 444 F.Supp. 969, 973 (D.D.C.1977).

In 1978, responsibility for the operation and control of the flood insurance program was transferred from the Department to the Director of the Federal Emergency Management Agency. The Director, however, has continued to operate the flood insurance program under Plan B.

**3.** *Cf.,* 16A Appleman, *Insurance Law and Practice,* § 8839.25 (1981).

trial in this action. *See Kolner v. Director, Federal Emergency Management Agency,* 547 F.Supp. 828 (N.D.Ill.1982), *applying Lehman v. Nakshian,* 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). *Accord, Latz v. Gallagher,* 550 F.Supp. 257 (W.D.Mich.1982). Accordingly, the Court hereby grants the Director's motion to strike the Plaintiffs' demand for a jury trial, pursuant to *Rule* 39(a)(2), Federal Rules of Civil Procedure, filed August 19, 1983.

Having determined that the Plaintiffs are not entitled to a jury trial on their claim against the remaining Defendant in this action, it is further ORDERED that the Court's prior Pretrial Procedures and Final Scheduling Order of November 2, 1983, shall be amended as follows:

1. ¶ D 11. on Page 7 is deleted; and

2. ¶ E on Page 7 of said Order is deleted and the following is substituted in its place:

"E. *Suggested Findings of Fact and Suggested Conclusions of Law* shall be delivered to the Court and opposing counsel by no later than June 25, 1984. Not later than July 11, 1984, each party shall deliver to the Court and opposing counsel a critique of the opposing party's suggested findings. The critique shall also indicate, for purposes of stipulation or admission, where counsel is in agreement with the opposition's suggested findings.

"The suggested findings of fact should contain a detailed listing of the relevant material facts that the party intends to prove. They should not be in formal language, but should be in simple narrative form. The proposed conclusions of law should contain a full exposition of the legal theories that counsel urges with statutory and case citation."