Gladys Barfield
HOFFMASTER, Plaintiff,

v.

Louis GUIFFRIDA, Acting in his Capacity as Director of The Federal Emergency Management Agency, and City Insurance Agency, Inc., and George D. Poole, Defendants.

Civ. A. No. 3:85–0029.

United States District Court,
S.D. West Virginia,
Huntington Division.

March 28, 1986.

Jane Moran, Williamson, W.Va., for plaintiff.

Gary E. Pullin, Asst. U.S. Atty., Huntington, W.Va., for Guiffrida.

R.G. McNeer and R. Carter Elkins, Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W.Va., for City Ins. and Poole.

## ORDER

HADEN, Chief Judge.

Pending are several motions. In order to dispose of these motions, some reference to the facts as alleged in the Plaintiff's complaint will be necessary. Gladys Barfield Hoffmaster seeks to recover in contract against Louis Guiffrida, Director of the Federal Emergency Management Agency, Inc. She also seeks to recover on a negligence claim against City Insurance Agency, Inc., and George D. Poole.

In June, 1980, Hoffmaster moved from her home in Mingo County to Clearwater, Florida. She continued to own her Mingo County house and maintained it as a rental property. In March, 1981, Hoffmaster purchased flood insurance on her Mingo County property under the National Flood Insurance Program, through City Insurance Agency and George Poole. This policy was an extension of coverage Hoffmaster had purchased prior to 1981. The policy provided for $38,500 in coverage for the structure of Hoffmaster's Mingo County home and $10,000 on the contents of that property. The policy covered from April 5, 1981, to April 5, 1984. At the time Hoffmaster purchased her flood policy extension in March, 1981, she requested a change of address form from the National Flood Insurance Program. The NFIP instructed Hoffmaster to notify City Insurance Agency of her change of address and the NFIP addressed this notice to Hoffmaster at her Clearwater, Florida, address. Hoffmaster notified the City Insurance Agency in July, 1981, thereafter received correspondence from both City Insurance Agency and the National Flood Insurance Program at her Clearwater, Florida, address.

In April and May of 1984, aware that her policy was about to expire, Hoffmaster telephoned the NFIP regarding renewal of her policy. She did not receive notification regarding the extension or termination of her flood coverage. On May 1, 1984, Hoffmaster mailed a check for $404.00 to the NFIP to extend her coverage from April, 1984, to April, 1987.

Hoffmaster's Mingo County house was damaged on May 7, 1984, when the Tug River flooded its banks. Hoffmaster found in the debris of her Mingo County property a letter from NFIP stating that her policy was expiring and outlining procedures and costs for extension of flood coverage. NFIP notified Hoffmaster in June, 1984, that her premium payment of $404.00 was insufficient to renew her policy and that an additional $269.00 would be required. Hoffmaster paid this sum on June 25, 1984, and on July 19, 1984, filed a proof of loss for the damages suffered in the May 7, 1984, flood. The NFIP denied coverage on July 26, 1984, on the grounds that the policy expired April 15, 1984, and was not renewed until May 12, 1984.

■ Guiffrida argues that a clause in the standard flood insurance policy vests the NFIP with the sole discretion to determine whether or not a mailing of a premium notice has been effected and whether a special grace period provided for in the policy would apply to extend coverage. The policy provision states in relevant part:

"However, in the event that *we determine* that, through any circumstances, any renewal notice was not placed into the U.S. Postal Service or, if placed, was prepared or addressed in a manner which *we determine* could preclude the likelihood of it being actually and timely received by you prior to the due date for the renewal premium, the following procedures [for rebilling] should be followed." [Emphasis added by Defendant Guiffrida.]

■ Guiffrida argues that the Defendant NFIP's discretion in this clause is absolute. The law, however, implies a covenant of good faith and fair dealing in every contract for the purposes of evaluating a party's performance of that contract. *Re-*

*statement (Second) of Contracts*, Section 205 (1981). If the contract provision were to be construed as the Director suggests, it would be meaningless.

Accordingly, the Defendant Guiffrida's motion for summary judgment is denied.

City Insurance Agency and Poole move to dismiss the Plaintiff's complaint on the basis that they cannot be properly made Defendants to this action. City Insurance Agency and Poole correctly indicate this Court's holding in *Yonker v. Guifrida,* 581 F.Supp. 1243, 1245 (S.D.W.Va.1984) to the effect that one may not maintain an action on a flood insurance policy against anyone other than the director of the Federal Emergency Management Agency. It is clear from the Plaintiff's complaint, however, that the claim intended to be made against them is one based in tort, and not based upon the insurance contract. *See* Complaint at ¶ 43.

City Insurance Agency and Poole also argue that the exercise of pendant party jurisdiction in this instance would be inappropriate under *Aldinger v. Howard,* 427 U.S. 1, 14, 96 S.Ct. 2413, 2420, 49 L.Ed.2d 276 (1976). *Aldinger* holds that a plaintiff who asserts a federal claim against one party in federal court cannot join a second party against whom the plaintiff has only a state law claim and where there is no independent basis of federal jurisdiction over the second claim or party. *Aldinger* holds at 427 U.S. at 14, 96 S.Ct. at 2420:

> "[I]t is quite another thing to permit a plaintiff, who has asserted a claim against one defendant with respect to which there is federal jurisdiction, to implead an entirely different defendant on the basis of a state law claim over which there is no independent basis of federal jurisdiction, simply because his claim against the first defendant and his claim against the second defendant 'derive from a common nucleus of operative fact.' [United Mine Workers of America v.] *Gibbs,* 383 U.S. [715] at 725, 16 L.Ed.2d 218, 86 S.Ct. 1130 [at 1138]. True, the same considerations of judicial economy would be served insofar as

plaintiff's claims 'are such that he would ordinarily be expected to try them all in one judicial proceeding.' *Ibid.* But the addition of a completely new party would run counter to the well established principle that federal courts as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out by Congress."

City Insurance Agency and Poole's argument is defective in two respects. First, it is not apparent that Hoffmaster, apparently a resident of Florida, has no independent basis of jurisdiction over the West Virginia residents Poole and City Insurance Agency. Second, and more importantly, Hoffmaster must bring this action in federal court if a claim on the policy is being made, 42 U.S.C. § 4072, and, therefore, Hoffmaster could bring this action as one suit only in federal court, unlike the plaintiff in *Aldinger.*

Accordingly, the Defendant City Insurance Agency and Poole's motion to dismiss is denied.

Finally, the Defendants City Insurance Agency and Poole move to amend their answer in order to assert a crossclaim against the federal Defendant by motion filed February 6, 1986. On May 23, 1985, this Court entered an Order which stated that such crossclaims were to be filed not later than June 17, 1985. The Order further provided that the time limitations stated in that Order could be altered upon a showing of good cause and by Order of this Court. The Court has not been presented with any articulation of the good cause which would support the extension of this deadline. Accordingly, the Defendant City Insurance Agency and Poole's motion to amend is denied.