**CENTER GLASS AND TRIM COMPANY, INC., Plaintiff,**

v.

**UNITED STATES of America, FEDERAL EMERGENCY MANAGEMENT AGENCY, Federal Insurance Administration, and Louie Olive, Defendants.**

Civ. A. No. 3:85–1004.

United States District Court, S.D. West Virginia, Huntington Division.

July 7, 1986.

---

Cecil C. Varney, Huntington, W.Va., A.J. Ryan, Williamson, W.Va., for plaintiff.

James D. McQueen, Jr., Campbell, Woods, Bagley, Emerson, McNeer & Herndon, Huntington, W.Va., for Louie Olive.

James M. O'Brien, Asst. U.S. Atty., Huntington, W.Va., H. Joseph Flynn, Asst. Gen. Counsel, Federal Emergency Management Agency, Washington, D.C., for U.S.

Federal Emergency Management Agency and Federal Ins. Admin.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending before the Court is the motion of the Defendant, Louie Olive, to dismiss and the motion of the Plaintiff to amend its complaint. Also, the governmental Defendant has moved to strike the Plaintiff's demand for a jury trial. The time for responding having passed, the Court deems all motions mature for decision.

The facts pertinent to the pending motions can be briefly stated. The Plaintiff is a corporation doing business in Williamson, West Virginia. It alleges that it purchased a standard flood insurance policy from Louie Olive who sold the same on behalf of the Federal Emergency Management Agency (FEMA). The Plaintiff further alleges that the premium for the policy was paid in the morning hours of May 7, 1984. In the evening hours of May 7, 1984, the Plaintiff's establishment was severely damaged by flood waters. Contending that its claim for indemnity has gone unfulfilled, the Plaintiff has brought this action.

Louie Olive has moved to dismiss citing this Court's decision in *Yonker v. Guifrida*, 581 F.Supp. 1243 (S.D.W.Va.1984). In *Yonker* the Court held that an action on a federally initiated flood insurance policy could only be prosecuted against the director of FEMA. This result was believed to flow from the congressional intent behind 42 U.S.C. § 4072.* Such intent being "to hold only those entities which are ultimately responsible for the adjustment and payment of claims under the program legally responsible for the wrongful denial of

* The statute provides in pertinent part as follows: "[U]pon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."
42 U.S.C. § 4072 (Cum.Supp.1985).

a claim." *Id.* at 1245. Hence, in *Yonker* the local insurance agent was dismissed.

The Plaintiff here does not dispute the correctness of the *Yonker* holding. It contends, however, that the holding is inapplicable to this action. The Plaintiff contends that its claim against Olive sounds in tort rather than contract. It argues that the refusal of FEMA to pay the policy proceeds may be due to the negligence of Olive. If so, it seeks relief against Olive for any such negligence. Consequently, the Plaintiff requests leave to amend its complaint so as to "clarify" the theories under which it proceeds.

■ The problem presented by the Plaintiff's proposed amended complaint, is one of jurisdiction. The Plaintiff is a West Virginia corporation; Olive is also a citizen of West Virginia. Thus, there exists no diversity between the parties so as to provide the Court with diversity jurisdiction. The question then becomes whether the theory of "pendent party jurisdiction" would permit the Court to exercise jurisdiction over the tort claim between the Plaintiff and Olive.

In *Hoffmaster v. Guiffrida,* 630 F.Supp. 1289 (S.D.W.Va.1986), the Court was faced with a similar question. The plaintiff in *Hoffmaster,* like the Plaintiff here, joined an insurance agent as a defendant in an action against FEMA. The claim against the agent was based in tort, not upon the insurance contract. The Court noted the Supreme Court's disapproval of pendent party jurisdiction on the facts found in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976), but distinguished *Aldinger* in two respects. First, the parties in *Hoffmaster* were of diverse citizenship; hence, the court had an independent basis of jurisdiction. Second, the court noted the exclusive jurisdiction of the federal courts when suit is brought on the insurance contract. Thus, the Court reasoned that the only place the Plaintiff could seek relief in one action was in federal court. The Court, therefore, denied the insurance agent's motion to dismiss.

As discussed, the Plaintiff and Olive are not of diverse citizenship. Accordingly, the only factor favoring the assertion of pendent party jurisdiction is that this Court provides the sole forum in which all aspects of the Plaintiff's case can be heard. In this instance, the Court deems that factor to be insufficient.

In *Aldinger,* the plaintiff sought relief from a number of governmental officials and the county for which those officials worked. The plaintiff sued the officials under 42 U.S.C. § 1983. At that time, a county was not considered a "person" within the meaning of Section 1983. Therefore, the plaintiff pressed a state law claim against the county. Since the citizenships of the plaintiff and the county were not diverse, the plaintiff relied upon the theory of pendent party jurisdiction in attempting to keep the county in the federal court action. The Supreme Court affirmed the lower court's rejection of the pendent party theory.

The *Aldinger* court emphasized the then prevailing principle that Congress had meant to exclude counties from liability under Section 1983. That being the case, the court concluded, the plaintiff could not append to a Section 1983 action a defendant whom Congress had excluded in writing the statute which contained the jurisdictional grant.

> "Parties such as counties, whom Congress *excluded* from liability in § 1983, and therefore by reference in the grant of jurisdiction under § 1343(3), can argue with a great deal of force that the scope of that 'civil action' over which the district courts have been given statutory jurisdiction should not be so broadly read as to bring them *back* within that power merely because the facts also give rise to an ordinary civil action against them under state law."

427 U.S. at 17, 96 S.Ct. at 2421 (emphasis in original).

This Court has already concluded that Congress, in authorizing an action against the Director under 42 U.S.C. § 4072, meant to exclude private insurance agents or

agencies as defendants. *Yonker, supra.* Hence, as in *Aldinger,* the Plaintiff here is trying to "back" into the litigation a defendant who was excluded by Congress.

■ The *Aldinger* court did, in dicta at the close of the opinion, note that pendent party jurisdiction may be appropriate when the jurisdiction of the federal court is exclusive and, therefore, "only in a federal court may all of the claims be tried together." *Id.* at 18, 96 S.Ct. at 2422. It is true that a suit on an insurance policy issued to FEMA is exclusive to the federal courts. *Possessky v. National Flood Insurer's Association,* 507 F.Supp. 913 (D.N.J.1981). It must also be noted, however, that the Supreme Court tempered its remarks about exclusive jurisdiction with the reminder that such jurisdiction might make a difference when there were "[o]ther statutory grants" involved. Hence, the court held true to its central teaching that an exclusory legislative intent could not be ignored, even in instances of exclusive jurisdiction.

It is helpful to examine those cases dealing with the example of exclusive jurisdiction mentioned by the Supreme Court in its dicta in *Aldinger:* suits against the United States pursuant to the Federal Tort Claims Act. Several courts have held that pendent party jurisdiction is appropriate in cases brought under the FTCA. *See, e.g., Ortiz v. United States Government,* 595 F.2d 65 (1st Cir.1979); *Dick Meyers Towing Service, Inc. v. United States,* 577 F.2d 1023 (5th Cir.1978); *Obenshain v. Halliday,* 504 F.Supp. 946 (E.D.Va.1980); *Dumansky v. United States,* 486 F.Supp. 1078 (D.N.J. 1980). But see *Ayala v. United States,* 550 F.2d 1196 (9th Cir.1977), *cert. dismissed,* 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978). The *Obenshain* court expressed the sentiment found in many of the other cases when it stated that "the policies of judicial economy, convenience and fairness to the litigants [were served by having] all the matters involved in this action aired in one case." 504 F.Supp. at 951. The *Obenshain* court made the statement, which was reflective of its holding, only after ascertaining that the intent of

Congress under the FTCA was not to restrict the joinder of other Defendants. Likewise, the *Dumansky* court interpreted *Aldinger* as setting forth an elementary inquiry for the court confronted with a pendent party theory: Does the statute negate jurisdiction? The *Dumansky* court held that the FTCA did not negate jurisdiction, and thus it was then able to go on and consider the equitable arguments regarding exclusive jurisdiction.

The Court is not unmindful of the problems attendant to multiplication of lawsuits. There are always equitable and legal justifications for trying all of a plaintiff's related claims in one suit. This action, on the other hand, also poses some reasons why "severance" may be desirable. First, the Plaintiff has requested a jury trial. As to its claim against Olive, the Plaintiff would probably be entitled to a jury. An action against the United States or its agency cannot, however, be tried to a jury. *Yonker, supra.* Thus, the trial of this action would be partly to the Court and partly to the jury with all of the problems associated with such an arrangement. Moreover, the Plaintiff's theory as to the two Defendants cannot be cast in terms of joint and several liability. In other words, under the facts pled, Olive and FEMA cannot both be liable to the Plaintiff. Hence, it is quite likely that during the course of discovery the Plaintiff could learn that its better cause of action is against Olive. The Court would then be in the questionable jurisdictional posture of having two nondiverse parties litigating a pure state law claim in federal court.

For the foregoing reasons, the Court ORDERS as follows:

1. That Olive's motion to dismiss is granted;

2. That the Plaintiff's motion to amend its complaint is denied; and

3. That FEMA's motion to strike the Plaintiff's demand for a jury is granted.

The Court notes that it has referred to FEMA as being the Defendant. The Plaintiff has styled its action as being against

the "United States of America Federal Emergency Management Agency, Federal Insurance Administration." Although neither party has raised the issue, the Court believes the Plaintiff to have incorrectly designated the Defendant to this action. The statute granting the right of action provides that it shall be brought "against the Director." 42 U.S.C. § 4072. In *Yonker* the court held that the plaintiff's sole remedy was "against the current program administrator, the Director of the Federal Emergency Management Agency." 581 F.Supp. at 1245. Therefore, the Court will grant the Plaintiff the right to amend its complaint, designating the current director as the Defendant. It is so ORDERED.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.