**Roberto BARCO ARROYO, Plaintiff,**

**v.**

**FEDERAL EMERGENCY MANAGE-MENT AGENCY, Defendant.**

**Civ. No. 86–0412(PG).**

United States District Court,
D. Puerto Rico.

Oct. 24, 1986.

Oronte Oliveras Sifre, Hato Rey, P.R., for plaintiff.

Wanda Rubianes Collazo, Asst. U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The complaint filed on March 20, 1986, by Roberto Barco Arroyo seeks money damages from the defendant, the Federal Emergency Management Agency (FEMA), for its alleged breach of a flood insurance policy which was issued to plaintiff pursuant to the provisions of the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, et seq.

On July 2, 1986, FEMA filed a motion requesting the dismissal of the complaint pursuant to Rule 4(j) of the Fed.R.Civ.P. because more than 120 days had elapsed since the filing of the complaint and plaintiff had failed to properly serve the United States as per Rule 4(d) of the Fed.R.Civ.P. An order was issued on July 14, 1986, and filed July 15, 1986, granting the same.

Plaintiff, unaware of the Court granting defendant's motion, filed a response to defendant's motion for dismissal on July 15, 1986. He states that the 120–day period of Rule 4(j) had not elapsed since the 120 days ended on July 18, 1986. He further alleges that service of process was perfected on defendant, FEMA, pursuant to Rule 4(d)(3) of the Fed.R.Civ.P.[1]

On July 18, 1986, plaintiff filed a request for additional summons wherein he states that although he thinks the process was perfected, to avoid controversies as to technicalities he is requesting from the Clerk to issue additional summons to serve process upon the Attorney General of the United States, the United States Attorney and the Director of the FEMA. On that same date summons were issued and sent by certified mail to the Attorney General of the United States and to the Director of the FEMA, as evidenced by the receipts for certified mail. Summons was also issued to the United States Attorney on July 18, 1986, but was not personally served until July 21, 1986.

Plaintiff then filed on July 23, 1986, a motion to vacate the dismissal entered and filed on July 15, 1986, pursuant to Rule 60(b) of the Fed.R.Civ.P. On August 5, 1986, plaintiff filed a supplementary motion to vacate the dismissal.

On August 14, 1986, the United States [2] filed a motion in opposition to plaintiff's motion to vacate the dismissal. Therein, the United States claims that the action must stand dismissed because no showing of good cause has been made by plaintiff for failure to properly serve defendant within the 120 day period. The United States accepts that it filed its motion to dismiss prematurely and agrees that July 18, 1986, was the date on which the 120–day period imposed by Rule 4(j) ended. The United States alleges that service of process had to be made pursuant to 44 C.F.R. § 62.22(b), which provides:

> (b) Service of process for all judicial proceedings where a claimant is suing Director pursuant to 42 U.S.C. 4071 shall be made upon the appropriate United States Attorney, the Attorney General of the United States, and the Director of the Federal Emergency Management Agency.

It further alleges that plaintiff did not deliver service upon the United States Attorney until July 21, 1986, as evidenced by the copy of the return of service.

---

1. Rule 4(d)(3) of the Fed.R.Civ.P. states:
   (d) Summons and Complaint: Person to be Served. The summons and complaint shall be served together. The plaintiff shall furnish the person making service with such copies as are necessary. Service shall be made as follows:
   
   \* \* \* \* \* \*
   
   (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

2. The United States appears filing this motion instead of the FEMA.

Subsequently, on August 18, 1986, plaintiff filed a motion to amend the complaint and request for issuance of summons. Leave is requested to amend the complaint in order to name as additional defendant the Director of FEMA and to issue new summons. Defendant filed its opposition thereto.

Under the National Flood Insurance Program the Director is authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance. Upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute the action against the Director on such claim in the United States District Court for the district in which the insured property was situated. See 42 U.S.C. § 4072; *Yonker v. Guifrida,* 581 F.Supp. 1243 (D.W.Va.1984).

Service of process upon an officer or agency of the United States [3] is made by serving the United States and by sending a copy of the summons and of the complaint by registered or certified mail to such officer or agency. See Rule 4(d)(5) of the Fed.R.Civ.P.

Process is to be served upon the United States by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an assistant United States Attorney or clerical employee designated by the United States Attorney in a writing filed with the Clerk of the Court and by sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia. See Rule 4(d)(4) of Fed.R.Civ.P.

According to Rule 4(j) the service of summons and complaint has to be made upon a defendant within 120 days after the filing of the complaint. If such service is not made upon a defendant within the 120 days and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon motion.

In the Practice Commentaries on Rule 4, Fed.R.Civ.P., 28 U.S.C.A., it is stated that the 120–day period is not absolute, that it can be extended, or its being missed excused, but this requires a showing of "good cause" why service was not made in time.

Neither Rule 4(j) nor its legislative history define "good cause." The only example of good cause provided by the legislative history is the obvious one of a defendant's evasion of service. *Wei v. State of Hawaii,* 763 F.2d 370 (9th Cir.1985), *citing,* U.S.Code Cong. & Ad.News 4434, 4446 n. 25. However, inadvertent or heedless nonservice is precisely what Rule 4(j) was designed to prevent. *Shuster v. Conley,* 107 F.R.D. 755 (W.D.Pa.1985).

Plaintiff never filed a motion pursuant to Rule 6(b) of the Fed.R.Civ.P. to enlarge the time for perfecting service of process even though he was aware on July 15, 1986, that July 18, 1986, was the last day of the 120–day period. Similar to the facts in *Whale v. United States,* 792 F.2d 951 (9th Cir.1986), the entire thrust of plaintiff's argument is that Barco Arroyo's counsel believed that service on defendant by delivering a copy of the summons and the complaint to an officer of the FEMA in their office in Puerto Rico pursuant to Rule 4(d)(3) of the Fed.R.Civ.P. was sufficient. In his response to defendant's motion for dismissal, in his request for additional summons and in his motion to vacate dismissal, Barco Arroyo's counsel asserted that service of process was perfected on the FEMA, stating in part that "[t]he appearing party contention is that process was perfected but to avoid controversies as to

---

3. Plaintiff's argument that being defendant an insurer service of process was perfected by delivering copy of the summons and of the complaint to an officer of FEMA, as authorized by Rule 4(d)(3), is erroneous. Rules 4(d)(1) and (3) of Fed.R.Civ.P. apply only to individual and business defendants not to the governmental ones specified in paragraphs (4) through (6).

technicalities it is hereby requested to ... issue additional summons.... Counsel for plaintiff has the honest professional belief that process was correctly served...."

■ This is not a matter of technicality or belief. The sole remedy for the alleged breach of the flood insurance policy issued under Plan B of the National Flood Insurance Program[4] was against the current program administrator, the Director of the FEMA. *Yonker v. Guifrida, supra.* A suit against the Director of the FEMA on a flood insurance contract issued under Plan B was a suit against the federal government and not against a private insurance company. *Kolner v. Director, Federal Emergency Management Agency,* 547 F.Supp. 828 (D.Ill.1982).

■ It is well established that a valid judgment cannot be entered against the United States without proper service. *Jordan v. United States,* 694 F.2d 833, 835 (D.C.Cir.1982). Fed.R.Civ.P. 4 requires service to be made within 120 days after the filing of the complaint by certified mail on the officer of the United States in question and the Attorney General and by personal service on the United States Attorney.

Plaintiff further alleges that "[t]his is a case in which the summons for the Director of the Federal Emergency Management Agency and the Attorney General of the United States were not issued until July 18, 1986. Most important on that same date, plaintiff served process." On June 26, 1986, plaintiff was denied a request for entry of default against FEMA for his failure to comply with Rule 4(d)(5). Since that date plaintiff was aware that he had to serve process upon the United States. It was not until July 18, 1986, the last day of the 120–day limit, that plaintiff filed the motion requesting additional summons. Furthermore, no mention is made as to the summons issued by the Clerk to the U.S. Attorney and as to why the U.S. Attorney was not personally served within the 120 days, as required by Rule 4(j). The defect in service in this case is due solely to the failure of Barco Arroyo's counsel to pay attention to the requirements of Rule 4(d)(4) and (5), and Rule 4(j).

■ Counsel's failure to read Rules 4(d)(4) and (5) and Rule 4(j) and counsel's belief and "assumption" that service was perfected on defendant by delivering copy of the summons and complaint to an officer in Puerto Rico does not constitute "good cause" or "justifiable excuse." *See, Whale v. United States, supra; Wei v. State of Hawaii,* 763 F.2d 370, 371 (9th Cir.1985) (*Wei's* inadvertent failure to calendar the Rule 4(j) deadline does not constitute "good cause"). *Ruley v. Nelson,* 106 F.R.D. 514, 518 (D.Nev.1985) (counsel's ignorance of Rule 4(j) or desire to learn more about case amounted to mere inadvertence); *Arroyo v. Wheat,* 102 F.R.D. 516, 518 (D.Nev.1984) (time limit imposed to prevent inadvertent and needless service).

■ Barco Arroyo alleges that dismissal is discretionary by stating in his motion to

---

4. In enacting the National Flood Insurance Program, Congress provided the program administrator with two alternative plans of implementation. 42 U.S.C. § 4051. Plan A sets forth a program principally run and financed by the domestic insurance industry with only limited federal financial assistance. An unsuccessful claimant could institute an action against the insurer in the United States District Court. 42 U.S.C. § 4053. While Part A authorizes a cause of action against the insurer, it does not provide for a cause of action against the Government. On the other hand, Plan B is run primarily by the Government with only limited assistance from the insurance industry. Under Plan B, the Government assumes operational responsibility for the flood insurance program and is autho-

rized to adjust and pay all proved and approved claims. 42 U.S.C. §§ 4071, 4072. Inasmuch as the Government runs Plan B, Congress saw fit to provide that a claimant whose claim was disallowed by the program administrator could institute an action against the administrator (the current program administrator is the Director of the FEMA) in the United States District Court. 42 U.S.C. § 4072. In developing Plan B, Congress did not authorize or provide for actions against the insurance companies, insurance agents, or insurance adjustment organizations which provide services to the program administrator as "fiscal agents" of the Government. *Yonker v. Guifrida,* 581 F.Supp. at 1244, 1245 (D.W.Va.1984).

vacate dismissal that "[n]othing in the language or legislative history of the Rules seen (sic) to support a strict nondiscretionary mandate for dismissal." Rule 4(j) mandates dismissal upon a finding that service has not been made within the specified time period and that good cause why such service was not made within the specified time period does not exist. *Norlock v. City of Garland,* 768 F.2d 654 (5th Cir.1985); *Winters v. Teledyne Movible Offshore, Inc.,* 776 F.2d 1304 (5th Cir.1985); *Wei v. State of Hawaii, supra.* See also, 10 Wright and Miller, *Federal Practice and Procedure: Civil* § 1138 at 261 (1985 Pocket Part) ("the action must be dismissed").

WHEREFORE, in view of the above findings the Court hereby VACATES the dismissal granted on July 14, 1986, for being prematurely entered and filed; and FURTHER ORDERS the dismissal without prejudice of the complaint for failure to comply with Rule 4(j) of the Fed.R.Civ.P.; and DENIES plaintiff's motion to amend the complaint and request for issuance of summons.

IT IS SO ORDERED.