Johnny F. SMITH and Janice R. Smith, Plaintiffs-Appellees,

v.

NATIONAL FLOOD INSURANCE PROGRAM, Defendant-Appellee,

v.

Curtis E. MARTIN, Agent, Defendant-Appellant.

No. 85–3582.

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1986.

Arthur H. Leith, Henri Wolbrette, III, New Orleans, La., for defendant-appellant.

Garic K. Barranger, Covington, La., for Smith.

Glenn K. Schreiber, Asst. U.S. Atty., New Orleans, La., for National Flood Ins. Program.

Before CLARK, Chief Judge, E. GRADY JOLLY, and ROBERT M. HILL, Circuit Judges.

## OPINION

PER CURIAM:

An insurance agent challenges the district court's holding that a federal agency was not liable for damages to the contents of the appellee's home under a policy of flood insurance, and that the agent was liable for this damage on negligence grounds. Because the district court did not err in assuming pendent jurisdiction over the claim against the agent or in finding the agent liable for negligence, we affirm.

## I

The Federal Emergency Management Agency (the Agency) administers the National Flood Insurance Program (the Program). Johnny F. Smith and his wife (Smith) had a flood insurance policy in effect on their home in Slidell, Louisiana through the Program, but that policy did not cover the contents of the home. On March 31, 1983, Smith completed an application for additional coverage on the home and coverage of its contents. He delivered the application and a check for $477.00 to cover the additional premium to Curtis E. Martin, a local insurance agent. Martin signed the application and dated it March 31. The effective date stated on the application was April 1. Martin mailed Smith's application and check to the Program by regular mail service on March 31.

Flood waters damaged the Smith's home on Sunday, April 10. The Program covered the damage to the building, but denied Smith's claim for coverage of damage to the contents in the amount of $8,243.76.

Smith sued the Program and Martin in state court. The Agency, answering for the Program, removed to federal court and simultaneously moved for dismissal on the ground that United States district courts have exclusive jurisdiction over matters involving the Program. Smith refiled both claims in the United States District Court for the Eastern District of Louisiana. All parties moved for summary judgment.

The trial judge granted summary judgment for the Agency, and for Smith against Martin. The judge held that the Program did not receive Smith's application and check until Monday, April 11, more than ten days after the application date and the date that Martin sent these documents to the Program by regular mail service. Under 44 C.F.R. § 61.11(e), the liability of the Program under the policy for flood damage to the contents of the Smith home did not take effect until April 12. The district judge also held that Martin was negligent in sending these items to the Program by regular rather than certified mail. According to the regulation, if Mar-

tin had sent them by certified mail within four days of the application date, coverage would have been effective on April 1 as the application he signed indicated.

Martin makes three arguments on appeal: (1) the district court erred in asserting pendent jurisdiction over Smith's claim against Martin; (2) the district court erred in granting summary judgment for Smith against Martin on the ground that Martin was negligent in using the regular mail service; (3) the district court erred in granting summary judgment for the Agency on the ground that the Program did not receive Smith's application and check until April 11.

## II

■ We first address the threshold issue of whether the district court had pendent jurisdiction over Smith's negligence claim against Martin. An independent basis of jurisdiction must support a state law claim that arises out of the same nucleus of facts as a federal law claim when the plaintiff wishes to assert that state law claim against a pendent party in federal court. *Aldinger v. Howard,* 427 U.S. 1, 14–18, 96 S.Ct. 2413, 2420–22, 49 L.Ed.2d 276 (1976), *overruled in part on other grounds, Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Birmingham Fire Ins. Co. v. Winegardner and Hammons, Inc.,* 714 F.2d 548, 552–54 (5th Cir.1983) (citing cases). In *Aldinger,* however, the Supreme Court expressly refused to "lay down any sweeping pronouncement upon the existence or exercise" of pendent party jurisdiction, and noted a potential exception to this general disfavor against pendent party jurisdiction. "When the grant of jurisdiction to a federal court is exclusive, ... the argument of judicial economy and convenience can be coupled with the additional argument that *only* in a federal court may all of the claims be tried together." *Aldinger,* 427 U.S. at 18, 96 S.Ct. at 2422 (footnote omitted) (emphasis in original). In *Boudreaux v. Puckett,* 611 F.2d 1028 (5th Cir.1980), we relied on *Aldinger* to hold that pendent

party jurisdiction existed where the federal statute in question did not negate the possibility of pendent parties, and where "[c]onsiderations of judicial economy and convenience strongly support[ed] litigating the claim against [the pendent party] along with the federal claims." *Id.* at 1031. We noted that *Boudreaux* did not present the strongest or most compelling case for asserting pendent jurisdiction since the federal claim in that case need not have been litigated in federal court. *Id.*

■ Although the district court had neither diversity, federal question, nor statutory jurisdiction over Smith's claim against Martin, the judge's assumption of pendent jurisdiction over that claim was proper under the *Aldinger* exception and our reasoning in *Boudreaux.* Jurisdiction over such claims against the Program is exclusively federal. *See* 42 U.S.C. § 4072. The claim against Martin arose out of the same nucleus of operative facts as the claim against the Program. It was logical to try these claims together, especially since Martin claimed he could be held liable only if the Program was not. The provision under which Smith sued the Program, 42 U.S.C. § 4072, provides for a cause of action in federal court only against the director of the Program. It does not, however, expressly negate the possibility of pendent parties. The exclusive federal jurisdiction over claims against the Program and the considerations of judicial economy and convenience provide appropriate support for the district court's assumption of pendent party jurisdiction.

*Yonker v. Guifrida,* 581 F.Supp. 1243 (D.W.Va.1984), on which Martin relies, does not require a contrary holding. The *Yonker* court dismissed the insurance agency defendants in a § 4072 suit for lack of jurisdiction. *Id.* at 1245. The court did not discuss the application of pendent party jurisdiction in this context. Apparently, the plaintiffs did not allege state law claims against these defendants. Furthermore, *Yonker* was decided under an earlier version of § 4072 that did not provide for exclusive federal jurisdiction over claims

against the Program. *See* 42 U.S.C. § 4072 note (A Nov. 30, 1983, amendment "added 'original exclusive' preceding 'jurisdiction'."); 581 F.Supp. at 1244 (*Yonker* was filed on June 21, 1983.).

*Birmingham Fire Ins. Co. v. Winegardner and Hammons, Inc.,* 714 F.2d 548 (5th Cir.1983), where we affirmed the dismissal of a claim against a pendent party, does not apply to the case at bar. Jurisdiction over the federal claim defendant in *Birmingham* was based on diversity, not on a statutory grant of exclusive federal jurisdiction. The other Fifth Circuit cases that Martin cites in support of his argument against pendent jurisdiction preceded *Boudreaux.* The district judge did not err in assuming pendent jurisdiction over Smith's claim against Martin.

### III

■ Martin asserts also that the district court erred in granting summary judgment against him on the ground that he was negligent in using the regular mail service to send Smith's application to the Program. He argues that the controlling federal regulation does not require an insurance agent to send applications and premium payments by certified mail, and that Smith failed to demonstrate that an agency relationship existed between Martin and Smith as required by Louisiana law.

We need not address Martin's argument regarding Louisiana agency law. The alleged negligence is Martin's use of the regular mail service after completing and accepting for transmission to the Program an application which specified an effective date that could be assured only by using certified mail service. Martin does not challenge the district judge's determination that these events occurred as alleged. Smith's recovery against Martin for negligence is valid regardless of whether an agency relationship existed between the parties.

The controlling federal regulation provides that coverage is effective on the day following the application date if the Program receives the application and premium payment within ten days of the application date, or if the application and premium payment are sent to the Program by certified mail within four days of the application date. If the Program receives the application and payment more than ten days after the application date and the documents were not sent by certified mail within four days of the application date, coverage takes effect one day after the date of such receipt. 44 C.F.R. § 61.11(e).

This regulation provides a way of eliminating doubt concerning the timeliness of mail service in regard to its effect on the effective date of a new insurance policy. The use of certified mail service within four days of the application date is the only way to guarantee an effective date of one day after the application date.

Smith's application was dated March 31 and named an effective date of April 1. Martin signed that application and mailed it to the Program. In doing so, he assumed a duty to guarantee that effective date of April 1. When he sent the application by regular mail service, however, he failed to avail himself of the only sure method of fulfilling that duty. Under these circumstances, the district judge did not err in concluding that Martin was liable for Smith's damages because his use of the regular mail service was negligent.

### IV

■ In the alternative, Martin argues that he can be liable to Smith only if the Program is not liable under the insurance policy, and that the district court's grant of summary judgment for the Agency on the ground that the Program did not receive Smith's application and check until April 11 is erroneous. This argument fails because Martin did not meet his burden of proving when the Program received these documents.

In reviewing a grant of summary judgment, we view the record "in the light most favorable to the party opposing the motion." *John v. Louisiana Board of Trustees for State Colleges and Universities,*

757 F.2d 698, 703 (5th Cir.1985) (citing cases). We must determine whether any genuine issue of material fact exists and whether the appellee was entitled to judgment as a matter of law. *McCrae v. Hankins*, 720 F.2d 863, 865 (5th Cir.1983) (citing cases).

Under 44 C.F.R. § 61.11(e), the new policy was in effect when the damage occurred on April 10 only if the Program received the application and premium payment on or before Saturday, April 9. On its motion for summary judgment, the Agency submitted the only evidence available concerning receipt. This evidence consisted of the Program stamp on the document which read, "MAIL SORT APR 11 1983," and two affidavits that stated that Smith's application was processed in the normal course of business and that the Program had access to its post office box only during normal week-day business hours. Martin then had the burden of demonstrating that the issue of receipt was a "genuine issue for trial." Fed.R.Civ.P. 56(e).

Even assuming that delivery to the Program's post office box constituted receipt, this burden was one which Martin could not meet. It is obvious that no one knows or can prove at what time between the afternoon of April 8 and the morning of April 11 some unknown member of the post office staff placed this particular piece of mail in the Program's box. When receipt occurred was not a material issue of fact for determination at trial, even when the evidence is viewed in the light most favorable to Martin. The district judge's finding that the Program received the documents on April 11 when they were so marked was not clearly erroneous. The Agency was entitled to judgment as a matter of law.

The district judge did not err in assuming pendent jurisdiction over the claim against Martin, in holding Martin liable for negligence, or in granting summary judgment for the Agency. The judgment appealed from is

AFFIRMED.