**Gunard A. NELSON, et al.**

v.

**Julius BECTON, et al.**

**Civ. No. 4–88–1110.**

United States District Court,
D. Minnesota,
Fourth Division.

March 16, 1990.

Karen L. Dingle, Fetterly & Gordon, Minneapolis, Minn., for plaintiffs.

Lonnie F. Bryan, Minneapolis, Minn., for federal defendants.

Bruce P. Candlin, Bloomington, Minn., for defendant Bachman–Anderson, Inc.

James O. Redman, Collins, Buckley, Sauntry & Haugh, St. Paul, Minn., for defendant Wayzata Ins. Agency.

James L. Forman, II, Rider, Bennett, Egan & Arundel, Minneapolis, Minn., for defendant Illinois Farmers Ins. Co.

Robert T. Stich, Stich, Angell, Kreidler & Muth, Minneapolis, Minn., for defendant Cal Colvin.

## ORDER

ROSENBAUM, District Judge.

### Introduction

The lower levels of plaintiffs' homes were extensively damaged on July 23, 1987, when Minnehaha Creek flooded following a torrential rainfall.[1] Each plaintiff held a flood insurance policy issued by the Federal Emergency Management Agency (FEMA), pursuant to 42 U.S.C. § 4013. FEMA determined that certain of plaintiffs' losses were not covered by these insurance policies, and coverage was severely limited.

This action consists of various claims against Julius Becton, the director of the FEMA; FEMA itself; the National Flood Insurance Program (the federal defendants); Bachman–Anderson, Inc.; Wayzata Insurance Agency; Cal Colvin; and Illinois Farmers Insurance Co. (the insurance defendants). The amended complaint is in seven counts: Count I alleges the federal defendants breached the insurance contract; Count II alleges the insurance defendants are liable for negligence; Count III alleges the insurance defendants are liable for negligent misrepresentation; Count IV alleges the federal defendants are liable for negligent misrepresentation; Count V alleges the federal and insurance defendants are liable for fraudulent inducement; Count VI alleges the federal and insurance defendants are estopped from denying insurance coverage; and Count VII seeks a declaratory judgment that "basement" does not apply to plaintiffs' homes. Plaintiffs initially claimed jurisdiction over all claims exists under the National Flood Insurance Act, 42 U.S.C. § 4072.

This matter is before the Court on defendants' motions for summary judgment. Oral arguments were heard on all but one of these motions on November 22, 1989.[2]

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Federal Rules of Civil Procedure. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole...." *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Prior to the Federal Rules of Civil Procedure and notice pleading, motions to dismiss a complaint or strike a defense were the primary tools to prevent factually insufficient claims from proceeding to trial. *Id.* Under notice pleading, summary judgment assumes this integral function. *Id.*

Summary judgment may be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to its case and on which that party will bear the burden of proof at trial. *Id.* at 322–23, 106 S.Ct. at 2552–53. The party opposing summary judgment must produce concrete facts demonstrating there is a genuine issue of fact for trial. *Buford v. Tremayne,* 747 F.2d 445, 447 (8th Cir.1984).

### Facts

The National Flood Insurance Act was originally administered by HUD through private insurers.[3] In 1978, however, the

---

1. The Twin Cities metropolitan area received 10.00″ of rain in the 24–hour period July 23–24, 1987. Minnesota Dep't Nat. Resources, State Climatology Office, *Western and South Central Twin Cities Flash Flood—July 23–24, 1987.*

2. Cal Colvin's motion has been considered without oral argument, pursuant to Rule 78, Fed.R. Civ.P.

3. The National Flood Insurance Act can be implemented under either Plan A or Plan B. Under Plan A, 42 U.S.C. § 4041, the program is operated by a pool of private insurers which assumes responsibility for the adjustment and payment of all claims. 42 U.S.C. §§ 4051 and 4053. If policy coverage is in dispute, a claim may be made against the insurance company in the federal court for the district in which the insured property is located. 42 U.S.C. § 4053. Under Plan B, 42 U.S.C. § 4071, the government operates the program and assumes responsibility for the adjustment and payment of all claims. 42 U.S.C. §§ 4071 and 4072. If policy coverage is in dispute, a claim may be commenced against the government in the federal court for

Secretary of HUD directly assumed operation of the act. *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987). Thereafter, and since, responsibility for the operation and control of the flood insurance program lies with the director of the FEMA. *Id.*

A suit against the director of FEMA under 42 U.S.C. § 4072 is a suit against the federal government. *Id.* Section 4072 is a limited waiver of sovereign immunity and jurisdiction is exclusively federal. 42 U.S.C. § 4072; *Smith v. National Flood Ins. Program*, 796 F.2d 90, 92 (5th Cir. 1986).

Plaintiffs acknowledged at oral argument that 42 U.S.C. § 4072 does not confer jurisdiction over all claims; there must be strict compliance with the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, in order to assert tort claims against a government agency. *Latz v. Gallagher*, 562 F.Supp. 690, 692 (W.D.Mich.1983). There having been no compliance with the FTCA's requirements, plaintiffs agreed that this Court lacks jurisdiction over Counts I, IV, V, and VI. Accordingly, a nonsuit was granted to plaintiffs on these claims.

Plaintiffs' remaining claim against the federal defendants is based on a coverage dispute and is therefore cognizable under 42 U.S.C. § 4072. As to this claim, the federal defendants' motion for summary judgment is granted.

On October 1, 1983, FEMA changed its standard flood insurance policy (SFIP). This change significantly reduced the amount of coverage for the contents of basements.[4] At the time of the flood, "basement" was defined as "the lowest level or story which has its floor subgrade (below ground level) on all sides."[5] Standard Flood Insurance Policy, 44 C.F.R. Pt. 61, App. A(1), Art. II (1986). This policy change and this definition are the gravamens of this action.

Plaintiffs argue the exclusion for basement coverage is ambiguous and should not apply to their homes. Plaintiffs contend that since their homes' lower levels exited with only one or a few upward steps to their backyards none of them believed the basement exclusion applied to their homes.

Plaintiffs Nelson and Fiola obtained their flood insurance in 1973 and 1977, respectively, and received notice of the basement coverage exclusion in the form of a cover sheet appended to their policy renewal notice after the exclusion became effective. The exclusion was already in effect when the Redings purchased their coverage in 1987.

---

the district in which the insured property is located. 42 U.S.C. § 4072.

**4.** The post-October 1, 1983, basement exclusion is contained in Article V of the SFIP and provides that:

We do not cover and will not pay for damage to or loss from any of the following:
....
F. ... finished basement walls, floors, ceilings and other improvements to a basement having its floor subgrade on all sides (except for drywalls and sheetrock walls and ceilings, whether finished or unfinished, all only to the extent of replacing them with unfinished (i.e., nailed to framing but not taped or otherwise finished with paint or other covering) drywall or sheetrock ceilings or walls, and except for fiberglass insulation), and contents, machinery, building equipment and fixtures in such basement areas; except that, ... coverage is provided in basement areas ... for sump pumps, well-water tanks, well-water tank pumps, oil tanks and the oil in them, cisterns

and the water in them, natural gas tanks and the gas in them, pumps and/or tanks used in conjunction with solar energy systems, furnaces, hot water heaters, clothes washers and dryers, food freezers and the food in them, air conditioners, heat pumps and electrical junction and circuit breaker boxes; and coverage is also provided in basement areas ... for stairways and staircases attached to the building which are not separated from the building by elevated walkways....
44 C.F.R. Pt. 61, App. (A)(1), Art. IV (1986).

**5.** There is some minor discrepancy regarding this definition. Exhibits to the complaint contain copies of each plaintiff's policy. The Nelsons' policy does not contain the parenthesis-enclosed term "below ground level." Complaint, Ex. A. In addition, the parties' various papers citing the basement definition do not always contain the parenthetical. Plaintiffs did not argue, nor does the Court find, that the inclusion or exclusion of this parenthetical statement is dispositive in this case.

*Analysis*

The crux of the present dispute is whether the plaintiffs' homes' lower levels were basements as defined in the SFIP and therefore subject to the basement exclusion.

■ This Court finds that coverage for the plaintiffs' losses is specifically excluded under the clear language of the policy. Federal common law controls the interpretation of insurance policies issued pursuant to the National Flood Insurance Program. *Sodowski v. National Flood Ins. Program*, 834 F.2d 653, 655 (7th Cir.1987), *cert. denied*, 486 U.S. 1043, 108 S.Ct. 2035, 100 L.Ed.2d 619 (1988). However, standard insurance law principles apply. *Id.*

Because insurance contracts are written by the insurer and offered to the insured in a fixed form, if the language is susceptible to two constructions, the one more favorable to the insured will be adopted. *Aschenbrenner v. United States Fidelity & Guar. Co.*, 292 U.S. 80, 84–85, 54 S.Ct. 590, 592–593, 78 L.Ed. 1137 *reh'g denied*, 292 U.S. 615, 54 S.Ct. 861, 78 L.Ed. 1474 (1934). If the policy language is clear and unambiguous, its natural meaning controls. *Sodowski*, 834 F.2d at 656 (*quoting Hanover Bldg. Materials, Inc. v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir.1984)).

■ The SFIP unambiguously excludes from coverage certain losses to a home's lowest level when its floor is subgrade on all sides. Plaintiffs, understandably, would have it another way, but in reality their homes are not true walkouts.[6] The plaintiffs acknowledge and their own photographs indicate that their homes can only be exited by stepping up to reach ground level. Each plaintiff's home's lowest level is subgrade on all sides. Plaintiffs make much of the fact that the policy exclusion was not applied to a non-plaintiff neighbor's home. This is true. Full coverage was granted because the neighbor's home is not subgrade on all sides; at least the side with the exit is at ground level and no step up is required.

This Court therefore holds the lower levels of plaintiffs' homes were "basements" as that term is defined by the SFIP. While this Court is sympathetic to plaintiffs' plight, subgrade means below ground level and the definition is not vague or ambiguous. The SFIP's definition of basement must control. The policy exclusion clearly applies to plaintiffs' homes. Accordingly, the federal defendants' motion for summary judgment is granted as to the plaintiffs' remaining claim.

The remaining causes of action in this lawsuit are state law claims asserted against the insurance defendants and, as acknowledged by plaintiffs' counsel at oral argument, no independent jurisdictional basis exists for these claims. Plaintiffs assert this Court may assume pendent party jurisdiction over these claims.

The United States Supreme Court has recently addressed the propriety of pendent party jurisdiction. *Finley v. United States*, — U.S. ——, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). The Court reaffirmed the principle that a grant of jurisdiction over certain claims against particular parties does not in and of itself permit the assumption of jurisdiction over additional claims by or against different parties. *Id.* 109 S.Ct. at 2010. The Court held that state claims against pendent parties could not be appended to an FTCA action absent an independent jurisdictional basis. *Id.*

■ This case is analogous to *Finley*. While there is a close relationship between the claims, there is no independent jurisdictional basis over the added state law claims against the insurance defendants, and 42 U.S.C. § 4072, while granting exclusive federal jurisdiction, permits jurisdiction over only the director of FEMA. Accordingly, notwithstanding cases such as *Smith v. National Flood Ins. Program*, 796 F.2d 90 (5th Cir.1986) (holding pendent party jurisdiction to be proper), after considering *Finley*, this Court would be disinclined to

---

**6.** In a walkout, the home's lowest level may be below grade on as many as three sides. On at least one side, however, an exit is at ground level.

entertain plaintiffs' pendent claims.[7]

Nevertheless, this Court need not determine whether pendent party jurisdiction is proper here, as the federal claims to which the plaintiffs attempt to append their state claims have been dismissed. Moreover, the exercise of pendent jurisdiction is always discretionary with the trial court. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Thus, the state claims against the insurance defendants are dismissed without prejudice.[8]

Based on the files, records, and proceedings, herein, IT IS ORDERED that:

1. The motion for summary judgment of defendants Julius Becton, the Federal Emergency Management Agency, and the National Flood Insurance Program is granted.

2. The claims against Bachman–Anderson, Inc., Wayzata Insurance Agency, Illinois Farmers Insurance Co., and Calvin Colvin are dismissed without prejudice.

---

7. Indeed, one court, citing *Finley*, has stated, "pendent-party jurisdiction apparently is no longer a viable concept." *Staffer v. Bouchard Transp. Co., Inc.*, 878 F.2d 638, 643 n. 5 (2d Cir.1989).

8. While, of course, a potential statute of limitations bar to the state claims is a consideration, it is not determinative. 13B C. Wright, A. Miller, and E. Cooper, *Federal Practice and Procedure* § 3567.1 (1984).