**Pamela Gail Cox WINKLER Plaintiff**

v.

**STATE FARM FIRE AND CASUALTY COMPANY and Barry Pinnix Defendants**

**No. CIV.A. 3:03–CV–202BN.**

United States District Court, S.D. Mississippi, Jackson Division.

June 3, 2003.

Wayne E. Ferrell, Jr., Wayne E. Ferrell, Jr., Attorney, Jackson, MS, for Pamela Gail Cox Winkler, plaintiff.

John A. Banahan, Bryan, Nelson, Schroeder, Castigliola & Banahan, Pascagoula, MS, for State Farm Fire and Casualty Company, Barry Pinnix, defendants.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion of Plaintiff to Remand. Having considered the Motion, Response, attachments to each, and supporting and opposing authority, the Court finds that the Motion is not well taken and should be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

On or about December 28, 1995, Plaintiff applied for a homeowner's insurance policy from State Farm Fire and Casualty Company ("State Farm"), through her agent Barry Pinnix ("Pinnix"). On or about September 28, 1998, Plaintiff applied for flood insurance coverage with State Farm, also through Pinnix. State Farm issued homeowner's coverage and flood coverage to Plaintiff. Subsequently, Plaintiff's home allegedly began to experience severe moisture accumulation. Plaintiff alleges that the damage to her home is covered by the State Farm insurance policies, and made claims for the damage.

On December 30, 2002, Plaintiff filed suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi, alleging that State Farm wrongfully refused to pay her claims. Plaintiff seeks to hold State Farm and Pinnix liable for negligently and intentionally delaying and failing to pay her legitimate claims, and for setting about on a course of action to intentionally and maliciously vex, annoy, and injure Plaintiff. Plaintiff also brings claims for breach of the duties of good faith and fair dealing, breach of contract, and gross and willful negligence.

On February 6, 2003, Defendants removed the suit to this Court. Defendants

set forth two separate and independent grounds for federal jurisdiction. First, Defendants argue that Plaintiff's claims for benefits under a Standard Flood Insurance Policy vest this Court with original and exclusive jurisdiction pursuant to 42 U.S.C. § 4072 of the National Flood Insurance Act ("NFIA"). Second, Defendants argue that Pinnix was fraudulently joined, and that diversity of citizenship exists between the parties. On February 21, 2003, Plaintiff filed the present Motion to Remand. Therein, Plaintiff argues that Pinnix is a proper party to the suit, and that diversity jurisdiction does not exist. Plaintiff did not address Defendant's arguments regarding the NFIA in the Motion to Remand. However, Plaintiff did address those issues in a subsequently filed Rebuttal Memorandum.[1]

## II. NATIONAL FLOOD INSURANCE PROGRAM ("NFIP")

The United States Court of Appeals for the Fifth Circuit has previously explained the history and purpose of the NFIP:

> The National Flood Insurance Act of 1968 (NFIA), 42 U.S.C. §§ 4001–129, established the NFIP. Initially, the program operated primarily through a pool of private insurers under the supervision of and with financial support from the Department of Housing and Urban Development. In 1977, pursuant to 42 U.S.C. § 4071, the Secretary of HUD terminated that arrangement and made FEMA [Federal Emergency Management Agency] principally responsible for its operation. *See generally Berger v. Pierce,* 933 F.2d 393 (6th Cir.1991). FEMA by regulation promulgated the SFIP [Standard Flood Insurance Poli-

cy], and provided for marketing and claims adjustment by private insurers operating as WYO ["Write–Your–Own"] companies. Those companies issue SFIP's in their own names, *see* 44 C.F.R. §§ 61.13(f), 62.23(a), collecting premiums in segregated accounts from which they pay claims and make necessary refunds under those policies. 44 C.F.R. Pt. 62, App. A, Arts. II(E), III(D), III(E). In the absence of sufficient funds in the segregated accounts, WYO companies pay claims and make refunds by drawing on FEMA letters of credit. *See* 44 C.F.R. Pt. 62, App. A, Art. IV. They may not alter the terms of the SFIP as dictated by FEMA, *see* 44 C.F.R. § 62.23(c). They receive a portion of the premiums collected as reimbursement for expenses incurred as a result of their NFIP participation. *See* 44 C.F.R. Pt. 62, App. A, Arts. III(B), III(C).

*Spence v. Omaha Indemnity Ins. Co.,* 996 F.2d 793, 794 n. 1 (5th Cir.1993).

Under the NFIP, the Director of FEMA is

> authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed..., the claimant, within one year after the date of mailing the notice of disallowance..., may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdic-

---

1. On May 13, 2003, Plaintiff filed a Motion for Leave to File Supplemental Motion to Remand, and to serve Rebuttal Memorandum out of time. Plaintiff attached an affidavit from Plaintiff's attorney explaining the need to file the Rebuttal Memorandum out of time. Defendants have not objected to the Rebuttal Memorandum. The Court finds that the Motion of Plaintiff should be granted, and the Court has considered the arguments therein.

tion is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy. 42 U.S.C. § 4072.

Here, Plaintiff's claims arise out of the disallowance of portions of her claims for insurance benefits. One of the policies in question is an SFIP flood insurance policy, issued by State Farm acting as a WYO insurer. Defendants argue that 42 U.S.C. § 4072 therefore dictates that this Court has exclusive and original jurisdiction over the present suit.

Plaintiff concedes that federal question jurisdiction exists over claims brought for the wrongful denial of a flood policy claim, but argues that no such claim is asserted here. Instead, Plaintiff argues that she only seeks recovery on the homeowner's policy, and that the only issues regarding the flood policy concern the procurement thereof. The Court finds this argument of Plaintiff to be untenable. The Complaint clearly describes Plaintiff's procurement of the homeowner's policy in question. Complaint, ¶ 6. Separately, the Complaint also clearly describes Plaintiff's procurement of the flood policy. Complaint, ¶ 8. Thereafter, Plaintiff seeks recovery based on the allegedly wrongful denial of benefits under the "policies." See, e.g., Complaint, ¶¶ 10, 12, 15–18, 20–22, 25. It is clear from the Complaint that Plaintiff seeks to recover under both the homeowner's policy and the flood policy.

The Court notes that on its face, 42 U.S.C. § 4072 vests "original exclusive jurisdiction" in federal district court only in suits against the Director of FEMA. However, federal courts recognize that a claim against a WYO insurer also falls within the statute. See, e.g., Newton v. Capital Assurance Co., 245 F.3d 1306 (11th Cir.2001). Some courts have expressly found that 42 U.S.C. § 4072 provides an independent basis for exercising federal jurisdiction over

claims against a WYO insurer. See Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 165–67 (3d Cir.1998) (finding that "a suit against a WYO company is the functional equivalent of a suit against FEMA"). Other courts have found that because SFIP contracts are interpreted using federal common law, West v. Harris, 573 F.2d 873, 881 (5th Cir.1978), a suit alleging a breach of an SFIP by a WYO insurer raises a substantial federal question, thus invoking federal jurisdiction pursuant to 28 U.S.C. § 1331. See Newton, 245 F.3d at 1308–09 (finding that regardless of whether 42 U.S.C. § 4072 provides an additional basis for federal jurisdiction against WYO insurers, it does not abrogate 28 U.S.C. § 1331 jurisdiction).

■ The Fifth Circuit has not confronted the issue of whether 42 U.S.C. § 4072 should be interpreted as including not only suits against the Director of FEMA, but also against WYO insurers. However, it is not necessary to determine this issue. This Court agrees with the finding of the United States Court of Appeals for the Eleventh Circuit in Newton, that because the flood policy must be interpreted using federal common law, that federal question jurisdiction exists under 28 U.S.C. § 1331.

■ Federal question jurisdiction exists over suits "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The federal question may arise out of federal common law. See Nat'l Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 850, 105 S.Ct. 2447, 85 L.Ed.2d 818 (1985). Here, Plaintiff's claims involve the interpretation of an SFIP contract issued by State Farm. Regardless of the basis of federal jurisdiction, SFIP con-

tracts are interpreted according to federal common law. *West*, 573 F.2d at 880–82. Thus, because the complaint alleges a breach of an SFIP contract, a substantial federal question exists, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Newton*, 245 F.3d at 1309.

Having determined that federal question jurisdiction exists over claims regarding the SFIP contract, the Court must determine whether jurisdiction extends over the entire suit. In addition to issues regarding the interpretation of the SFIP contract, Plaintiff has also brought state-law contract claims regarding the homeowner's insurance policy, and the actions of Pinnix as an agent for State Farm.

Generally, when a district court has original jurisdiction over some claims, the court may exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy," including claims over additional parties. 28 U.S.C. § 1367(a). Supplemental jurisdiction may be declined where a novel or complex issue of State law exists, where the claims substantially predominate over the claims granting original jurisdiction, where the court has dismissed the claims over which it had original jurisdiction, or where other compelling reasons exist. 28 U.S.C. § 1367(c).

■ Here, all claims brought by Plaintiff are so closely related as to form part of the same case or controversy. None of the factors counseling judicial discretion to decline supplemental jurisdiction exist here. In fact, other factors counsel strongly in favor of exercising supplemental jurisdiction.

First, Circuit courts have often expressed the need for uniformity of decision in suits arising out of NFIA disputes such as this one. *See, e.g., West*, 573 F.2d at 881 ("[s]ince the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law"); *Gibson v. American Bankers Ins. Co.*, 289 F.3d 943, 949 (6th Cir.2002); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 390 and 396 n. 14 (9th Cir.2000).

Second, the Fifth Circuit has previously recognized the propriety of a district court exercising supplemental jurisdiction over the entire suit when original jurisdiction exists in a case involving the NFIA. *See Smith v. National Flood Ins. Program*, 796 F.2d 90 (5th Cir.1986). *Smith* was decided prior to the passage of the supplemental jurisdiction statute, 28 U.S.C. § 1367 [2]. Additionally, the federal jurisdiction in *Smith* was predicated on 42 U.S.C. § 4072.

Here, the Court has not found that jurisdiction is predicated on 42 U.S.C. § 4072.

---

**2.** The statute was passed in 1990, expressly overriding a 1989 decision of the United States Supreme Court which dramatically narrowed the bases on which a district court could exercise pendent jurisdiction. *See Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989). At the time *Smith* was decided, the Fifth Circuit allowed the exercise of pendent jurisdiction over claims which a federal court could not otherwise exercise jurisdiction "where the federal statute in question [that served as the basis for federal jurisdiction] did not negate the possibility of pendent parties, and where consideration of judicial economy and convenience strongly supported litigating the claim against the pendent party along with the federal claims." *Smith*, 796 F.2d at 92 (internal quotation marks and brackets omitted). The rule announced in Smith was implicitly overruled by *Finley*. *See Sarmiento v. Texas Bd. of Veterinary Medical Examiners By and Through*

However, the circumstances here are virtually identical to those faced by the Fifth Circuit in *Smith*. The only material difference is that the plaintiffs in *Smith* sued the National Flood Insurance Program and the local agent who sold them the flood insurance policy. Thus, the suit fell within the express language of 42 U.S.C. § 4072. In finding that the district court had properly exercised pendent jurisdiction over the local agent defendant, the Fifth Circuit noted that the district court had no independent basis of jurisdiction. *Smith*, 796 F.2d at 92. Nevertheless, the district court had acted properly because

> [t]he claim against [the agent] arose out of the same nucleus of operative facts as the claim against the Program. It was logical to try these claims together.... 42 U.S.C. § 4072 provides for a cause of action in federal court only against the director of the Program. It does not, however, expressly negate the possibility of pendent parties. The exclusive federal jurisdiction over claims against the Program and the considerations of judicial economy and convenience provide appropriate support for the district court's assumption of pendent party jurisdiction.

*Id.*

Here, Plaintiff has sued a WYO insurer and its agent, so that the suit does not fall within the express language of the statute. However, the rationale of *Smith* applies with equal logic in the case *sub judice*. Federal question jurisdiction undoubtedly exists. Although the Court has found it unnecessary to so decide, federal jurisdiction pursuant to 42 U.S.C. 4072 also probably exists. Considerations of judicial economy and convenience, as well as the interest

in uniformity of decision, counsel in favor of the Court exercising supplementary jurisdiction over all claims asserted by Plaintiff herein.

Based on the preceding analysis, the Court finds that federal question jurisdiction exists over Plaintiff's claims regarding the interpretation of the SFIP contract. Pursuant to 28 U.S.C. § 1367, the Court additionally finds that it should exercise supplementary jurisdiction over the remaining claims asserted by Plaintiff. The Court thus finds it unnecessary to determine whether any other grounds for federal jurisdiction, including diversity of citizenship, exist. Because federal subject matter exists over this matter, the Motion of Plaintiff to Remand should be denied.

### III. CONCLUSION

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [3–1] is hereby denied.

---

*Avery*, 939 F.2d 1242, 1247–48 (5th Cir.1991). However, supplementary jurisdiction as defined by 28 U.S.C. § 1367 is broader than the rule announced in *Smith*, assuming the existence of supplementary jurisdiction except under certain circumstances that are inapplicable in the case *sub judice*.